**Herbert S. KASSNER, Plaintiff,**

v.

**ASHLEY PLAZA MALL ASSOCIATES, a Partnership and Richard S. Lefrak, Defendants.**

**No. 90 Civ. 5059 (RPP).**

United States District Court, S.D. New York.

March 14, 1991.

Kassner & Haigney, by Stacy John Haigney, New York City, for plaintiff.

Bader Kramer Huffman Brodsky & Go, P.C., by Douglas J. Kramer, New York City, for defendant Ashley Plaza Mall Associates.

Schwartz, Chung and Aldouby, P.A., by Leonard M. Schwartz, Baltimore, Md., for defendant Lefrak.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Herbert S. Kassner ("Kassner") moves for summary judgment pursuant to

---

Rule 56 of the Federal Rules of Civil Procedure and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. The underlying suit is an action for a real estate broker's commission in the amount of $60,575.00, plus interest.

For the reasons stated below, both motions are denied.

## BACKGROUND

Defendant Ashley Plaza Mall Associates ("APMA") is a partnership which owns a shopping mall in the state of South Carolina. APMA and Kassner were involved in a transaction which involved Burlington Coat Factory Warehouse of Charleston, Inc. ("Burlington") renting space in the Ashley Plaza Mall in Charleston, South Carolina. Kassner, an attorney for Burlington reviewed the subject lease from APMA for Burlington. With respect to defendant Richard S. Lefrak ("Lefrak"), Kassner claims that Lefrak made written representation to him of Lefrak's status as a partner in APMA in a letter dated June 14, 1984, that he relied on that respresentation and accordingly, prior to September 24, 1989, he agreed to be hired by Lefrak on behalf of APMA to procure a lease with Burlington.

Kassner alleges that their agreement was confirmed by a letter from APMA, dated September 24, 1989,[1] Complaint, Exhibit A, whereby APMA agreed to pay Kassner a fee of $1.00 for every square foot leased by Burlington and which followed a letter of September 22, 1989 on the same issue. Burlington entered into a lease dated August 25, 1989 but commencing December 8, 1989, for 60,575 square feet of space in the Ashley Plaza Mall. APMA has not paid Kassner any fee.

APMA and Lefrak claim that Lefrak did not hire Kassner on behalf of APMA or make such representations in connection with the 1989 Lease, and that when Kassner asserted a right to a fee APMA informed him any payment was conditional on the terms of the Lease remaining un-

changed from the terms of a twenty-year lease it had negotiated and tendered to Burlington in 1984 (but which was never executed) and which were incorporated in the proposed 1989 Lease. Defendants assert that Kassner thereafter changed substantial terms of the 1989 Lease from the 1984 terms, including a right for Burlington to terminate upon 12 months notice, and thus is not entitled to any commission for that reason. The 1984 lease, which was never executed by the parties, has been submitted as evidence but the Lease at issue here, the 1989 Lease, has not been submitted nor have its various drafts.

Defendants originally moved for dismissal on the ground of res judicata and defendant Lefrak moved for dismissal on the ground that he withdrew as a partner of APMA in 1989, prior to the discussions at issue. The Court denied both motions from the bench during oral argument.

## DISCUSSION

To grant a motion for summary judgment a court must find that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law because, after sufficient time for discovery, the non-moving party has not made a sufficient showing of an essential element of its case as to which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate if the evidence offered demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and the Court must view the facts in the light most favorable to the non-moving party. *Meiri v. Dacon*, 759 F.2d 989, 997 (2d. Cir.1985),

---

1. The fax date stamp at the top of the letter dated September 24, 1989 indicates that it was actually sent on August 24, 1989 and defendants concede that the September dates are an error. For convenience, the Court will refer to the letters by the September date.

*cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Plaintiff's claim is replete with issues of material fact. Affidavits of officers of APMA maintain that

1) the letters of September 22 and 24, 1989 were conditional on the parties entering into a lease sent to Burlington on or about July 10, 1989 with a revised price of $4.00 per square foot and such a lease was never signed (copies of the proposed lease and the executed lease were not contained in the motion papers);

2) there was no consideration for the letters of September 22 and 24, 1989, agreeing to pay plaintiff the commission of $1.00 per square foot claimed herein; and

3) plaintiff has no claim against Lefrak in view of Lefrak's withdrawal from the partnership in May of 1989 and because plaintiff was advised of Lefrak's withdrawal prior to the 1989 Lease negotiations with plaintiff.

Furthermore, plaintiff asserts in ¶ 8 of his Rule 3(g) statement that he "procured" the Lease for APMA in September of 1989. Whether an attorney acting for the Lessee may receive compensation from the Lessor for such acts is an unbriefed issue of law.

In view of the foregoing and since discovery has not been exhausted, summary judgment would be inappropriate at this stage of the proceedings. *See Celotex, supra.* The motion for Rule 11 sanctions is denied, since both counsel for both parties have engaged in frivolous motion practice in utter disregard of the time constraints which every court faces.

Plaintiff's motions for summary judgment and sanctions are denied. The parties are ordered to appear for a conference on March 28 at 9 a.m., Courtroom 302, at the United States Courthouse in Foley Square, New York, New York.

IT IS SO ORDERED.