**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 97-31331

EDDIE WALKER; JONATHAN MINIX; DORIS PERRY; RAY ADAMS,
and all other persons similarly situated,

Plaintiffs - Appellants,

WALTER C DUMAS,

Appellant,

VERSUS

CITY OF BOGALUSA; ET AL,

Defendants,

CITY OF BOGALUSA,

Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

March 5, 1999

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

JOHN M. DUHÉ, JR., Circuit Judge:

The Plaintiffs and the Plaintiffs' counsel appeal the awards
of fees under 42 U.S.C. § 1988 (against the Plaintiffs) and under
28 U.S.C. § 1927 (against Plaintiffs' counsel) on timeliness and
substantive grounds.  We affirm.

I.  Facts and Background

Plaintiffs, on behalf of a class of persons living in the City of Bogalusa ("Bogalusa"), sued Bogalusa and various named officials under 42 U.S.C. § 1983.  The Plaintiffs alleged that Bogalusa officials failed to evacuate members of the Black community in the same manner as they evacuated members of the non-Black community following an explosion at a nearby chemical plant. The district court granted Bogalusa summary judgment on July 24, 1997.  On August 25, 1997, Bogalusa moved for costs and fees under 42 U.S.C. § 1988 (against the Plaintiffs) and under 28 U.S.C. § 1927 (against Plaintiffs' counsel Walter Dumas).  The district court granted both motions.  This appeal followed.  We affirm.

II.  § 1988 Attorney's Fees

Under § 1988, "[i]n any action or proceeding to enforce a provision of . . . [§] 1983, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C.A. § 1988(b) (1994).  We review an award of attorney's fees under § 1988 for abuse of discretion. See Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish Sch. Bd., 919 F.2d 374, 379 (5th Cir. 1990).  A district court abuses its discretion if it awards sanctions based "on an erroneous view of the law or a clearly erroneous assessment of the evidence." See Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1164 (5th Cir. 1994).

2

## A. Timeliness

The district court entered final judgment dismissing the action on July 29, 1997. Bogalusa moved for attorney's fees and costs under § 1988 twenty-seven days later on August 25, 1997. Under revised Federal Rule 54(d)(2)(B), "[u]nless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed and served no later than 14 days after entry of judgment . . . ." Fed. R. Civ. P. 54(d)(2)(B). Local Rule 54.3 requires a party to move for fees "[w]ithin 30 days after receiving notice of entry of judgment . . . ." Unif. Local R. U.S. Dist. Cts. E., M., & W. Dists. La 54.3. This local rule is a court order satisfying the "unless" clause of Federal Rule 54(d)(2)(B). See Jones v. Central Bank, 161 F.3d 311, 312-13 (5th Cir. 1998). Since the motion was timely under the local rule, and therefore under the "unless" clause of the Federal Rule, the district court did not abuse its discretion in granting Bogalusa's motion for attorney's fees.

## B. Substantive Grounds

The district court should award the prevailing defendant attorney's fees only if the Plaintiffs' action was "frivolous, unreasonable, or without foundation." White v. South Park Indep. School Dist., 693 F.2d 1163, 1169-70 (1982) (citation omitted). A suit is frivolous if it is "so lacking in arguable merit as to be

3

groundless or without foundation . . . ." See Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1140-41 (5th Cir. 1983). In determining whether a suit is frivolous, the district court should look to factors such as whether the Plaintiffs established a prima facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial. See United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991).

A constitutional violation is an essential element of a prima facie § 1983 claim against a municipality. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Meadowbriar Home for Children, Inc. v. G.B. Gunn, 81 F.3d 521, 532-33 (5th Cir. 1996) (citation omitted). Supreme Court and Fifth Circuit case law have long established that a constitutional claim for discrimination requires proof of purposeful discrimination; disparate impact is insufficient. See, e.g., Personnel Adm'r v. Feeney, 442 U.S. 256, 273-74 (1979); Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 264-65 (1977); Washington v. Davis, 426 U.S. 229, 238-39 (1976); United States v. Texas Educ. Agency, 600 F.2d 518, 528 (5th Cir. 1979). In granting summary judgment, the district court held that not only had the Plaintiffs not pointed to or come forward with any evidence of discriminatory purpose, they had also failed to establish even disparate racial impact.[1] The absence of discriminatory purpose precludes a constitutional violation, which

_____

[1]The Plaintiffs appealed this grant of summary judgment but subsequently voluntarily dismissed the appeal.

in turn precludes a § 1983 violation.  The district court did not abuse its discretion in awarding costs and fees.  Plaintiff's claim was patently frivolous.


III.  § 1927 Sanctions

Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C.A. § 1927 (1994).  We review imposition of sanctions under § 1927 for abuse of discretion.  See Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1163 (5th Cir. 1994).  A district court abuses its discretion if it awards sanctions based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  Id. at 1164.

A district court may sanction an attorney who engages in "the persistent prosecution of a meritless claim,"  Pease v. Pakhoed Corp., 980 F.2d 995, 1001 (5th Cir. 1993) (citing Thomas v. Capital Sec. Serv., Inc., 836 F.2d 866, 875 (5th Cir. 1988) (en banc)).  In order to recover all costs associated with an action, the moving party must show with "'convincing clarity' that *every* facet of th[e] litigation was patently meritless."  Browning v. Kramer, 931 F.2d 340, 345 (5th Cir. 1991) (emphasis in the original).  The district court is in the best position to assess the propriety of

5

a party's conduct.  See Esmark Apparel, Inc., 10 F.3d at 1164.

As discussed above, the Plaintiffs neither alleged nor proved discriminatory purpose, an essential prima facie element of a § 1983 violation.  Given the Plaintiffs' attorney's persistent prosecution of a clearly meritless § 1983 claim, the district court did not abuse its discretion in granting sanctions under § 1927.

IV.  Motions on Appeal

Bogalusa and the Plaintiffs both moved for sanctions in this Court under Federal Rule of Appellate Procedure 38.  Bogalusa claimed that the Plaintiffs' appeal was frivolous, and the Plaintiffs claimed that Bogalusa's Rule 38 motion was frivolous. Under Rule 38, "[i]f a court of appeals shall determine that an *appeal* is frivolous, it *may* . . . award just damages and single or double costs to the *appellee*." Fed. R. App. P. 38 (emphasis added). An appeal is frivolous if it "relies on legal points that are not arguable on their merits."  See Lyons v. Sheetz, 834 F.2d 493, 496 (5th Cir. 1987); Sturgeon v. Airborne Freight Corp., 778 F.2d 1154, 1161 (5th Cir. 1985).

We deny the City of Bogalusa's motion for sanctions under Rule 38.  The Plaintiffs' argument concerning the timeliness of the Bogalusa's § 1988 motion was not frivolous, since this Circuit had not yet addressed the interaction between Local Rule 54.3 and Federal Rule of Civil Procedure 54(d)(2)(B). See Estiverne v. Sak's

6

<u>Fifth Avenue</u>, 9 F.3d 1171, 1174 (5th Cir. 1993) (noting that sanctions are inappropriate if the issue is one of first impression); <u>see also</u> <u>Jones v. Central Bank</u>, 161 F.3d 311 (5th Cir. 1998) (resolving the interplay between Local Rule 54.3 and Federal Rule 54 (d)(2)(B) as a matter of first impression). Further, we decline to award sanctions to Bogalusa based on the Plaintiffs' substantive arguments concerning § 1988 and § 1927 costs and fees.

We deny the Plaintiffs' (Appellants') motion for sanctions under Rule 38, because, by its very language, the rule applies only to *appellees* and only to frivolous *appeals*. <u>See</u> Fed. R. App. P. 38 (emphasis added).

Plaintiffs also moved for sanctions under Federal Rule of Civil Procedure 11, claiming that Bogalusa's Rule 38 motion was "scandalous, harassing, and based purely on speculation." Bogalusa moved (apparently under Rule 11) to strike "Plaintiff/Appellant's Cross Motion For Sanctions Pursuant to FRAP 38 and FRCP 11" and "Plaintiff/Appellant's Memorandum In Support of Cross Motion For Sanctions Pursuant to FRAP Rule 38 and FRCP 11 And In Opposition To Motion Filed By Appellee City of Bogalusa For Damages Under FRAP Rule 38." A signatory violates Rule 11 if he fails to conduct a reasonable inquiry into the law and facts underlying his motion, or if he makes a motion to delay, harass or increase the costs of litigation. <u>See</u> <u>Thomas v. Capital Sec. Servs., Inc.</u>, 812 F.2d 984,

7

988 (5th Cir. 1987). Although Rule 11 does not directly apply to appellate proceedings, see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406 (1990), we look to Rule 11 for guidance in imposing Rule 38 sanctions, see Lyddon v. Geothermal Properties, Inc., 996 F.2d 212, 214 (9th Cir. 1993); Mortell v. Mortell Co., 887 F.2d 1322, 1328 (7th Cir. 1989). We deny both parties' motions for sanctions, because both parties contributed to the "disharmony in the proceedings," see Oglala Sioux Tribe of Pine Ridge Indian Reservation v. United States, 15 Cl. Ct. 615 (1988), and "utter[ly] disregard[ed] . . . the time constraints every court faces," see Kassner v. Ashley Plaza Mall Assocs., 758 F.Supp. 939, 941 (S.D.N.Y. 1991). Briefs in this Court were long on hyperbole and personal attacks and short on thoughtful analysis.

Motions **DENIED**; judgment **AFFIRMED**.