# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 00-31417
Summary Calendar
_____

KAREN BALLARD; JAMES WILSON; VIRGINIA GUY;
KENNETH GUY,

                                        Plaintiffs-Appellants,

KENNETH R. FABRÉ; DEVAN PARDUE,

                                        Appellants,

versus

LOUISIANA DEMOCRATIC PARTY; BEN JEFFERS,
Individually and as Chairman of the Louisiana
Democratic Party; TREY OURSO, Individually and
as Executive Director; PATSY ARCENEAUX,
Individually and as Chairperson of By-Laws
Committee; MARY JO CUTRER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-287-C
--------------------
October 17, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

In an appeal arising from a 42 U.S.C. § 1983 civil rights action, the appellants challenge the district court's grant of certain defendants' motions for attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. The appellants contend

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the 42 U.S.C. § 1988 motions were untimely and that neither the 42 U.S.C. § 1988 nor the 28 U.S.C. § 1927 motions were warranted by the record.

A 42 U.S.C. § 1988 motion for attorney's fees and costs is timely if filed within 30 days after the movant received notice of entry of judgment. See Walker v. City of Bogalusa, 168 F.3d 237, 239 (5th Cir. 1999). While the fee motions were not so filed in this case, the district court did not clearly err in its determination that its judgment may have led to confusion regarding the deadline for filing the motions. See id. The judgment created a 30-day deadline for filing a "motion for reconsideration"; however, the Federal Rules of Civil Procedure do not recognize such a motion, the 10-day deadline for filing a Fed. R. Civ. P. 59(e) cannot be extended, and the Fed. R. Civ. P. 60(b) motion may be filed up to a year after judgment. See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); Fed. R. Civ. P. 6(b), 59(e), 60(b). Moreover, the judgment ordered the filing of fee motions eight days prior to the hearing on the "motion for reconsideration," which was never filed, without limiting the applicability of that deadline to fee motions relating to the "motion for reconsideration." In light of these special circumstances and given that the instant fee motions were filed within 30 days of the expiration of the court-created 30-day period for filing a "motion for reconsideration," the district court did not abuse its discretion in deeming the fee motions timely. See Walker, 168 F.3d at 239-40; Cf. Gribble v. Harris, 625 F.2d 1173, 1174 (5th Cir. 1980) (holding that under the "unique circumstances"

exception, an untimely appeal is allowed when the appellant reasonably relied upon the district court's erroneous extension of time to file a Fed. R. Civ. P. 52 or 59 motion or the district court's entertaining of such motions despite their untimeliness).

The appellants have not argued in their brief that the district court abused its discretion in finding that the plaintiffs' claims were frivolous and granting the defendants' 42 U.S.C. § 1988 motions. See Walker, 168 F.3d at 239-40. Accordingly, that ground for appeal is waived. Furthermore, as the district court did not clearly err in determining that the plaintiffs' attorneys unreasonably and vexatiously multiplied the proceedings by moving to remand the case to state court, the district court did not abuse its discretion in granting the defendants' 28 U.S.C. § 1927 motions. See id. at 240.

**AFFIRMED.**