**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-60507**

_____


**UNITED STATES OF AMERICA ex rel. SIMMIE BROWN,**

**Plaintiff,**

**versus**

**BOARD OF DIRECTORS OF DELTA FOUNDATION, INC., et al.**

**Defendants-Appellees,**


**JOHN D. FIKE, ROBIN PAGE WEST, J. STEPHEN SIMMS,**

**Appellants.**

_____

**Appeal from the United States District Court
for the Northern District of Mississippi, Greenville Division
99-CV-108**
_____

September 4, 2002


Before KING, Chief Judge, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellants John D. Fike, Robin Page West, and J. Stephen Simms are the attorneys who represented the relator in this *qui tam* action. The district court granted summary judgment for the defendants and ordered the appellants to pay $38,489.78 in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attorneys' fees and expenses under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying proceedings. We VACATE the sanctions order.

## I. BACKGROUND

This appeal arises from a *qui tam* action filed in May 1999. The relator, Simmie Brown, filed a *pro se* complaint alleging that Delta Foundation, Inc., a non-profit community development corporation, had violated the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.*, by misusing block grants from the Department of Health and Human Services (HHS).[1]

In December 1999, the United States filed a notice declining to intervene. See 31 U.S.C. § 3730(b)(4)(B). Brown elected to pursue this action and, through counsel, filed an amended complaint in March 2000. The amended complaint named as defendants the Delta Foundation plus a group of individuals associated with the Foundation. Because of potential conflicts of interest, one law firm represented the Foundation while another represented the individual defendants.

In July 2000, before the defendants had filed their answers, Brown moved to stay the *qui tam* proceedings until the

---

[1] HHS instituted administrative proceedings against Delta Foundation and ordered that $1.2 million be repaid. Incidentally, HHS did not allege or make any findings of fraud. In other court proceedings, Delta Foundation has challenged the repayment order, and Brown contended that he was entitled to a share of any recovery obtained through the administrative proceedings. These questions are not presently before us.

2

related lawsuit involving the administrative remedy had been resolved. The district court issued the stay.

A month later, however, the defendants successfully urged the court to lift the stay and order the parties to file dispositive motions. After all parties had filed motions for summary judgment, one of Brown's attorneys wrote a letter to the defendants' attorneys suggesting that the stay be reinstated:

> When the court's stay of July 17, 2000, was in place, this case was appropriately postured to allow these issues to be resolved in a logical sequence that made economics [sic] sense, without the need for any defendant to incur attorney's fees unless and until the court determined whether the government owes Mr. Brown a relator share [of any money recovered in the administrative proceedings]. The defendants' recent motions are, we believe, premature and, depending on the resolution of the alternate remedy issue, may never need to be decided.

The defendants' attorneys opposed reinstating the stay because, in their view, the *qui tam* claims were patently without merit. The attorney for the individual defendants predicted that the case would be dismissed and sanctions would be imposed.

On February 7, 2001, the district court granted the defendants' motions for summary judgment. Brown did not appeal the dismissal of the *qui tam* action.

The defendants' attorneys then filed motions to recover their fees and expenses. The attorney for the individual defendants filed a motion for Rule 11 sanctions and requested

3

$15,489.78 in fees and expenses.[2]  An attorney for the Foundation filed a motion, citing both Rule 11 and 28 U.S.C. § 1927, and she sought $23,000 in fees and expenses.

The district court issued a three-and-a-half page opinion on the question of fees, expenses, and sanctions.  The district court correctly ruled that sanctions under Rule 11 were not available because the defendants had failed to comply with the "safe harbor" provisions of the Rule.  Because the motion for Rule 11 sanctions was filed after the case had been decided, Brown did not have a reasonable opportunity to correct the amended complaint or other challenged filings.  See Tompkins v. Cyr, 202 F.3d 770, 788 (5th Cir. 2000).

But the district court did impose sanctions on behalf of the individual defendants and the Foundation pursuant to 28 U.S.C. § 1927, which provides that

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As evidence of appellants' unreasonable and vexatious conduct, the court emphasized that (1) the allegations of fraud in the complaint were "vague and conclusory"; (2) Brown had not explained why the individual defendants were added to the complaint or how they could be held liable; and (3) the appellants were apparently motivated by

---

[2]The individual defendants did not request sanctions pursuant to § 1927.

4

the hopes of recovering attorneys' fees under the FCA. The district court ruled that the appellants were liable for fees and expenses incurred after December 6, 1999 -- the date when the Government filed its notice declining to intervene. The district court wrote that this notice "should have sent a loud and clear message to the Plaintiff's attorneys to stop and think before proceeding further." The district court further noted that Brown's attorneys should have reevaluated the case during the 10-month period between the Government's decision not to intervene and the filing of Brown's motion for summary judgment.

The district court entered an order awarding a total of $38,489.78 in fees and expenses under 28 U.S.C. § 1927. Brown's attorneys now appeal this order.

## II. DISCUSSION

### A

We review an order awarding sanctions under § 1927 for an abuse of discretion, bearing in mind that § 1927 is punitive in nature and must be construed narrowly so as not to dampen the legitimate zeal of attorneys. Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525-26 (5th Cir. 2002). "'A district court abuses its discretion if it awards sanctions based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Id. (quoting Walker v. City of Bogalusa, 168 F.3d 237, 240 (5th Cir. 1999)).

5

Our recent opinion in Procter & Gamble reiterates in detail the kind of analysis necessary to support an award under § 1927. We need only summarize the main points here.

First, it is axiomatic that a district court must identify the sanctionable conduct under § 1927. That is to say, the district court must explain how the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously" -- a finding which requires proof of "bad faith, improper motive, or reckless disregard of the duty owed to the court." FDIC v. Calhoun, 34 F.3d 1291, 1297 (5th Cir. 1994); Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998). In making this finding, a district court must take care not to conflate the reasons for sanctioning an attorney and the reasons for deciding the case on the merits. Procter & Gamble, 280 F.3d at 526 & n.7.

Second, the district court must demonstrate a connection between the sanctionable conduct and the size of the sanctions award. Id. at 526 & n.8. Specifically, a sanction under § 1927 should reflect only the costs or fees incurred in responding to unreasonable or vexatious litigation tactics. Browning v. Kramer, 931 F.2d 340, 344-45 (5th Cir. 1991). To shift the entire cost of the defense -- which is essentially what happened in this case -- the claimant must prove, by clear and convincing evidence, that "[1] *every facet* of the litigation was patently meritless, and [2] counsel must have lacked a reason to file the suit and must

6

wrongfully have persisted in its prosecution" until the end of the proceedings.  Procter & Gamble, 280 F.3d at 526 (citations omitted).

Third, the district court must differentiate between sanctions awarded under § 1927 and those under some other statute or rule, such as Rule 11.  Id.; see also Lapidus v. Vann, 112 F.3d 91, 96-97 (2d Cir. 1997)(noting the substantive and procedural differences between § 1927 and Rule 11).

A district court "need not provide specific factual findings in every sanction order."  Topalian v. Ehrman, 3 F.3d 931, 936 (5th Cir. 1993).  The level of detail will depend, of course, upon the complexity of the particular case.  Nevertheless, the order must be specific enough to allow effective appellate review.  Procter & Gamble, 280 F.3d at 526.

B

We turn now to the facts of this case.  As noted above, the district court emphasized that Brown's allegations of fraud in the complaint were vague and that he had not shown why the individual defendants were liable.  The imprecision of Brown's allegations of fraud doomed his FCA case on the merits, but this fact, standing alone, does not evince the kind of bad faith or improper motive required to uphold a sanctions award under § 1927.  Moreover, assuming that Brown had no arguable basis for naming the individuals as defendants, the district court did not explain how

7

that sanctionable conduct could be used to support an award for the Foundation itself.

The most problematic aspect of the district court's opinion is its reliance on the Government's decision not to intervene in the action. The district court twice pointed out, in a very brief opinion, that the Government's decision not to intervene should have caused Brown's attorneys to reevaluate the merits of the case. The most plausible reading of the district court's opinion is that the appellant's decision to proceed with the case indicates bad faith or an improper motive because, after the Government had diligently investigated the claim and decided not to intervene, the appellants subjectively must have known that Brown's claims lacked merit.

But the Government's decision not to intervene in a FCA *qui tam* claim does not suggest that the action is without merit.[3] The language of the Act makes clear that the Government is not required or expected to intervene in every meritorious action under the FCA. The Fourth Circuit correctly described the Government's decision as essentially a cost-benefit analysis, taking into account the potential size of the recovery, the expense of

---

[3] The United States filed an *amicus curiae* brief in this appeal. While taking no position on the merits of the appeal, the United States contends that the courts, when evaluating a request for fees or sanctions, should assign no weight to the Government's decision not to take over a *qui tam* action.

prosecuting the case, the workload of Government attorneys, the ability of the relator to prosecute the action, and similar factors. See United States ex rel. Berge v. Board of Trustees of the Univ. of Alabama, 104 F.3d 1453, 1458 (4th Cir. 1997). In sum, a district court may not infer an improper motive where a *qui tam* relator decides to pursue his claim after the Government has declined to intervene.

In light of the foregoing discussion, we hold that the district court abused its discretion in imposing sanctions under 28 U.S.C. § 1927. Specifically, the district court erroneously assessed the evidence by (1) not distinguishing between its reasons for dismissing the claim and its evidence of improper conduct and (2) reading too much into the Government's decision not to intervene in the *qui tam* action. Because none of the defendants' attorneys made a timely motion under Rule 11, we express no opinion on whether the appellants' submission of the amended complaint could have served as the basis for sanctions under the Rule.

### III. CONCLUSION

The district court's order awarding fees and expenses under 28 U.S.C. § 1927 is **VACATED.**