United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-30736
(Summary Calendar)

VALERIE GRANGER, DOCTOR

Plaintiff-Appellant,

versus

CHRISTIAN HEALTH MINISTRIES; BAPTIST COMMUNITY MINISTRIES;
MCFARLAND INSTITUTE; MANAGEMENT EXECUTIVE COMMITTEE; BYRON
HARRELL; EUGENE HUFFSTUTLER; JO LAXTON

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(01:-CV-2199)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dr. Valerie Granger ("Granger") appeals the district court's grant of summary judgment to

Christian Health Ministries ("Christian Health") regarding her claim for race discrimination under

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*[1] Christian Health, Christian Health Ministries Foundation, Baptist Community Ministries, the McFarland Institute, the Management Executive Committee, Byron Harrell, Reverend Eugene Huffstutler, and Jo Laxton (collectively, the "Defendants") also move to impose sanctions on Dr. Granger under Rule 38 of the FEDERAL RULES OF APPELLATE PROCEDURE. For the following reasons, we are persuaded that 1) the district court's grant of summary judgment was proper, 2) Dr. Granger's appeal is frivolous, and 3) sanctions against Dr. Granger are warranted.

FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 1997, Dr. Granger began her employment with Christian Health, as Director of the Congregational Wellness Program. On October 13, 2000, Dr. Granger was terminated based on, amongst other things, her work history being replete with examples of poor judgment, misrepresentations, and acts of direct insubordination. Dr. Granger was subsequently replaced by two part-time employees, both of whom are Caucasian.

On November 8, 2000, Dr. Granger filed a charge of employment discrimination with the Equal Employment Opportunity Commission which issued a notice of right to sue. On June 11, 2001, Dr. Granger filed a lawsuit in state court against the Defendants alleging employment discrimination on the basis of race, defamation, and intentional infliction of emotional distress. Following removal to federal court and various amendments by Dr. Granger to her complaint, the district court entered an order dismissing Dr. Granger's claims against all of the Defendants, except for her employment

---

[1]Although Dr. Granger appealed the district court's rulings with respect to all of her claims against the Defendants, in her appellate brief, Dr. Granger only addresses the district court grant of summary judgment to Christian Health regarding her Title VII claim. Thus, the remaining claims not briefed are waived and will not be considered. See Trust Co. of Louisiana v. N.N.P. Inc., 104 F.3d 1478, 1485 (5th Cir. 1997).

discrimination claims against Christian Health, Christian Health Ministries Foundation, and Baptist Community Ministries. Dr. Granger voluntarily dismissed her claims against Christian Health Ministries Foundation and Baptist Community Ministries. The district court subsequently granted summary judgment to Christian Health on Dr. Granger's Title VII claim.

DISCUSSION

We review a district court's grant of summary judgment de novo. See Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

I.      Title VII claim

Under Title VII, the plaintiff bears the burden of proving a prima facie case of discrimination by a preponderance of the evidence. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801-03 (1973). To establish a prima facie case for disparate treatment, the plaintiff must prove that: 1) she is a member of a protected class; 2) she was at all times qualified for the position at issue; 3) she suffered an adverse employment action; and 4) others similarly situated were treated more favorably. See Rutherford v. Harris County, TX, 197 F.3d 173, 184 (5th Cir. 1999). An employer seeking to rebut a prima facie case of employment discrimination, need only "articulate" a legitimate non-discriminatory reason for its actions. Id. If the employer carries its burden of production, the plaintiff must prove by a preponderance of the evidence that the employer's reasons are a mere pretext for discrimination. Id.

The district court found that Dr. Granger failed to establish the fourth prong of her prima facie case for disparate treatment. We agree. Dr. Granger has not demonstrated that similarly situated

3

white employees were treated more favorably. A review of the record reveals that Dr. Granger conclusorily stated in her opposition to summary judgment before the district court that "no other Anglo director or employee has been disciplined to the same degree as [herself.]" Dr. Granger does not address this issue in her appellate brief and has offered no evidence to support her claim. As such, we conclude that Dr. Granger has failed to establish a prima facie case of discrimination.

Moreover, Christian Health proffered legitimate reasons for terminating Dr. Granger. After reviewing the record, we are persuaded that Christian Health terminated Dr. Granger because of her problems with organization and time management, inability to communicate well with others, poor judgment, failure to follow company policy and procedures, faulty work, failure to comply with instructions for supervisory personnel, and acts of direct subordination. Dr. Granger has not put forth any evidence demonstrating that the reasons articulated by Christian Health are pretexts for discrimination. Thus, the district court's grant of summary judgment was appropriate.

II.     Motion for Sanctions

Rule 38 of the Federal Rules of Appellate Procedure provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." An appeal is frivolous if it relies on legal points that are not arguable on the merits. See Walker v. City of Bogalusa, 168 F.3d 237, 241 (5th Cir. 1999) (internal quotation marks omitted). We are persuaded that Dr. Granger's appeal is frivolous. As stated above, the record contains abundant evidence demonstrating Christian Health's non-discriminatory reasons for Dr. Granger's termination. Dr. Granger's appellate brief is devoid of any discussion regarding whether similarly situated individuals were treated favorably and whether Christian Health's proffered reasons were

pretexts for discrimination.[2]

Thus, sanctions are warranted to the extent that they seek to recover the costs for defending this appeal. The costs and fees are to be borne by Dr. Granger. We direct Christian Health to file a bill of costs together with an affidavit setting forth expenses and attorney's fees reasonably incurred by it in connection with this appeal.

CONCLUSION

Dr. Granger's appeal is dismissed as frivolous; the Defendants' motion for sanctions is granted; Christian Health is directed to file verified bill of costs and attorney's fees.

---

[2]Dr. Granger's brief makes no credible attempt to point to any evidence which could possibly support her contention that the district court erred in granting summary judgment in favor of Christian Health. The brief simply outlines the framework for granting summary judgment and analyzing discrimination claims under McDonnell Douglas.