**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-30061
Summary Calendar

———————————————

JAMES CARTER,

Plaintiff-Appellant,

versus

JENELL GODFREY; JOHN LOUIS, individually
and in their official capacities as Kenner
Police officers; THE CITY OF KENNER,

Defendants-Appellees,

-----------------------
Consolidated with
No. 03-30328
-----------------------

JAMES CARTER,

Plaintiff-Appellee,

versus

JENELL GODFREY; JOHN LUIS, Individually
and in their Official Capacities as Kenner
Police Officers; THE CITY OF KENNER,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-79-M
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Carter appeals the district court's grant of summary judgment in favor of defendants Jenell Godfrey and John Louis with respect to the federal and state law claims of malicious prosecution raised in his 42 U.S.C. § 1983 complaint. Godfrey and Louis, detectives with the narcotics division of the Kenner, Louisiana, Police Department, had previously arrested Carter for obscenity under LA. REV. STAT. ANN. § 14:106 (West 2004), but Carter was acquitted at trial. Carter has abandoned his remaining claims against Godfrey, Louis, and the City of Kenner. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

We review a district court's award of summary judgment de novo. Banks v. East Baton Rouge Parish Sch. Bd., 320 F.3d 570, 575 (5th Cir. 2003). In Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003), we held that there is no "freestanding constitutional right to be free from malicious prosecution" and that a 42 U.S.C. § 1983 malicious prosecution claim must be based on a specific constitutional violation, rather than a violation of state law. Carter concedes that, in light of Castellano, he could not bring a malicious prosecution claim under 42 U.S.C. § 1983 but argues that the district court's grant of summary judgment was nevertheless erroneous because he raised meritorious claims that he was arrested without probable cause under the Fourth Amendment and that Godfrey and Lewis violated his right to due process at trial.

Carter does not challenge the district court's finding that, because he conceded he was in his yard with his pants open, there was probable cause to arrest him. Accordingly, Carter has shown no error with respect to the district court's dismissal of his Fourth Amendment claim or his state law claim of malicious prosecution, which requires a showing of no probable cause. See Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994); Vance v. Nunnery, 137 F.3d 270, 274 (5th Cir. 1998); Miller v. East Baton Rouge Parish Sheriff's Department, 511 So. 2d 446 (La. 1987). In addition, although Carter's version of the events on the day in question differ from the officers' versions, his assertion that their accounts in the police report and at trial were intentionally false is conclusional and wholly unsupported by evidence in the record, and therefore, fails to create a genuine issue of material fact. See Orthopedic & Sports Injury Clinic v. Wang Lab., Inc., 922 F.2d 220, 225 (5th Cir. 1991); see also Koch v. Puckett, 907 F.2d 524, 531 (5th Cir. 1990). The lack of evidence of false statements or perjury was an additional basis for the district court's grant of summary judgment. Accordingly, the district court's grant of summary judgment and dismissal of Carter's civil rights complaint are AFFIRMED.

In a consolidated appeal, Godfrey, Louis, and the City of Kenner appeal the district court's denial of their motion for attorneys' fees. The district court's denial of this motion is AFFIRMED as we find no abuse of discretion in the district

court's ruling.  See Walker v. City of Bogalusa, 168 F.3d 237, 239 (5th Cir. 1999).

AFFIRMED.