United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30519
Summary Calendar

EUCKLE LEE HUNTER,

Plaintiff-Appellant,

versus

CITY OF MONROE, ET. AL.,

Defendants,

MIKE ROWLAND,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:01-CV-642
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Euckle Lee Hunter appeals the district court's award of
attorney's fees in favor of the defendants in this matter. Before
granting the award of attorney's fees, the district court granted
summary judgment in favor of Chief Joe Stewart, Lieutenant Jimmy
Fried, Detective Mike Rowland, and Detective Michael Calloway and
dismissed Hunter's claims of false arrest, false imprisonment, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

malicious prosecution against the defendants in their individual capacities. Pursuant to our judgment of this same date in Hunter v. City of Monroe, No. 04-30362, we affirmed the district court's grant of summary judgment and the dismissal of the aforementioned claims.

Before granting the defendants's summary judgment motion, the district court dismissed Hunter's claims of discrimination, retaliation, and negligence because they were prescribed, and it dismissed his claims against the City of Monroe and the remaining defendants in their official capacities for failure to state a claim. As Hunter does not address these claims in his appeal from the award of attorney's fees, he has not shown, at least with respect to the portion of fees relevant to those claims, that the district court's award was an abuse of discretion. Moreover, as he does not address the district court's finding that he made false allegations in his complaint, any argument with respect to that finding has been waived. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

A district court's award of attorney's fees is reviewed for an abuse of discretion. Walker v. City of Bogalusa, 168 F.3d 237, 239 (5th Cir. 1999); see also 42 U.S.C. § 1988. The court should award fees to a prevailing defendant only when the action was "frivolous, irresponsible, or without foundation." Id. at 240.

Hunter has not shown that the district court abused its discretion in granting attorney's fees with respect to those claims

that were the subject of the defendants' summary judgment motion. As the district court noted, his complaint contained false allegations and none of his remaining allegations demonstrated that probable cause was lacking for his arrest. Although we did conclude that Hunter's actions were too equivocal to support a conviction, our conclusion did not equate to a finding that there was no probable cause for Hunter's arrest. See United States v. Hunter, No. 99-30091 (5th Cir. Dec. 13, 1999).

With respect to his malicious prosecution and conspiracy claims, Hunter did not state a prime facie case for either of those claims. See Walker, 168 F.3d at 240. Accordingly, the district court's award of attorney's fees in favor of the defendants is AFFIRMED.