**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 18-40846

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2019

Lyle W. Cayce
Clerk

STELLA MORRISON,

     Plaintiff–Appellant,

JOHN STEPHEN MORGAN,

     Appellant,

v.

LAYNE WALKER; JEFFERSON COUNTY, TEXAS; DEPUTY ANTHONY
BARKER; THOMAS MANESS,

     Defendants–Appellees.

Appeals from the United States District Court
for the Eastern District of Texas

Before SOUTHWICK, WILLETT, and OLDHAM, Circuit Judges.

DON R. WILLETT, Circuit Judge:

Litigation abuse is nothing new. Since 1813, when James Madison was
president, a one-sentence federal statute has authorized monetary sanctions
against attorneys who misuse the litigation process.[1] The penalty started off
light. For the first 167 years, lawyers who "vexatiously and unreasonably"

---

[1] Ch. 14, § 3, 3 Stat. 21 (1813). The original statute stated that any person who
"multiplied the proceedings in any cause . . . so as to increase costs unreasonably and
vexatiously" could be held liable for "any excess of costs so incurred."

No. 18-40846

multiplied legal proceedings were liable only for excess costs.[2] But since 1980, 28 U.S.C. § 1927 has taken a harder line against abusive litigation tactics, broadening lawyers' personal financial exposure to include "expenses and attorneys' fees."[3] Incentives matter. For more than a generation now, pocket-conscious parties have sought hefty § 1927 sanctions, and docket-conscious courts have granted them.

In this appeal, attorney John Morgan appeals the § 1927 sanctions imposed against him for advancing a meritless, immunity-barred claim against Judge Layne Walker. Reviewing for abuse of discretion, we cannot conclude that the district court, which was best positioned to assess the propriety of Morgan's litigation misconduct, erred in sanctioning him under § 1927. We AFFIRM.

I

In 2006, Stella Morrison represented a criminal defendant, Peter Tran, in a case before Judge Walker.[4] During this proceeding, Judge Walker averred that Morrison suborned perjury by enticing her client to make a false statement and then filing that statement with the court. Judge Walker allegedly reported this to the district attorney and to the State Bar of Texas. A grand jury hearing and State Bar grievance correspondence ensued.[5]

---

[2] This modest exposure doubtless explains why, in the 150 years following its enactment, "§ 1927 was invoked in only seven reported cases." Seth Katsuya Endo, *The Propriety of Considering an Attorney's Ability to Pay Under § 1927*, 61 DRAKE L. REV. 291, 292–93 (2013).

[3] Section 1927 in its current form reads: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

[4] *State of Tex. v. Peter Tran*, No. 961185 (Tx. Dist. Ct., April 9, 2007).

[5] Morrison filed two grievance responses that describe the *Peter Tran* case and were publicly available.

2

No. 18-40846

Seven years later, Morrison, through her attorney Morgan, sued Judge Walker,[6] alleging in part that Judge Walker fabricated the perjury charge against her.[7] Although Morrison didn't specify what prompted Judge Walker's accusation, she stated it was unrelated to any "pending proceeding lawfully assigned to" Judge Walker's court. This assertion was critical: If Judge Walker's allegedly false charge arose from actions taken in his judicial capacity, he enjoyed judicial immunity.[8]

A few other details about Morrison's suit merit mention. Morgan concedes that the original complaint was light on details, a deficiency he attributes to Morrison's self-described memory deficits. Also, as supporting evidence, Morrison attached an affidavit by Bailiff Rodney Williams that mentioned Morrison's 2006 representation of Peter Tran before Judge Walker. Morrison's complaint also referenced grievance documents that Judge Walker had filed against her with the State Bar of Texas.

Judge Walker filed a motion to dismiss based almost entirely on judicial immunity. The court granted the motion for most of Morrison's claims, but it declined to dismiss the falsified-perjury claim. The court stated this claim was

---

[6] Morrison's claims against then-Judge Walker are all predicated by events that occurred while he was a 252nd District Court judge in Jefferson County, Texas. As such, this opinion refers to him simply as Judge Walker.

[7] After effective consent, pursuant to 28 U.S.C. § 636(c) and the local rules, two magistrate judges presided over the Morrison–Walker proceedings, exclusive of appeals. In this opinion, the magistrate judges' conclusions and findings will be attributed to the "district court" or "court" because the magistrate judges had jurisdiction to enter final judgments. 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a . . . United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment . . . .").

[8] Our 2005 decision in *Ballard v. Wall* sets forth a four-factor test for determining whether a judge's actions were judicial in nature: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." 413 F.3d 510, 515 (5th 2005).

not patently frivolous and could proceed if Morrison amended her complaint to include specific facts showing why judicial immunity was inapplicable. The court instructed Morrison to answer seven specific questions in her amended complaint, including clarifying where, specifically, the event spurring the perjury charge occurred.

In January 2014, Morrison, through her attorney Morgan, filed an amended complaint, relying largely on her own testimony. The amended complaint partially responded to the court's questions and doubled-down on the assertion that Judge Walker's perjury accusation "had nothing to do with a case that was pending or had been adjudicated in Walker's Court." In May 2014, Morrison filed a second amended complaint, adding additional defendants, with the same factual contentions.

Judge Walker's response included a transcript from the *Peter Tran* case. Contrary to Morrison's previous assertions and re-assertions that Judge Walker's perjury charge was unrelated to any matter in his court, the transcript proved that to be untrue. It removed any doubt that the falsified-perjury claim arose from Morrison's representation of Peter Tran in Judge Walker's court. Days later, Morgan, on Morrison's behalf, filed a sur-reply, promising to show Morrison the transcript and inform the court of her response. Six months passed.

In August 2015, the court ordered Morrison to detail the event that led to the perjury charge and state whether it occurred in Judge Walker's court. Morrison admitted the transcript was accurate. Her falsified-perjury claim arose from events in the *Peter Tran* case and, since Judge Walker presided over that case, her claim had been barred by judicial immunity the whole time. Morgan filed a motion to dismiss Judge Walker from the lawsuit on August 28, 2015.

No. 18-40846

Judge Walker moved under 28 U.S.C. § 1927 for attorney fees and expenses totaling $167,232.40. After conducting an extensive hearing where Morrison showed "no memory deficit" regarding the *Peter Tran* case, the court issued a 28-page order imposing § 1927 sanctions of $29,592.50. The court found that these sanctions were justified beginning in January 2014 but, in its discretion and "choosing to dispense mercy graciously," only imposed sanctions for Morgan's conduct between May 20, 2014 and August 28, 2015. Morgan appealed.

## II

Under § 1927, a federal court may award attorney fees, costs, and expenses that were "reasonably incurred" because of the attorney's misconduct.[9] We review § 1927 sanction awards for abuse of discretion.[10] We do not substitute our judgment for that of the district court, and we will not alter a sanction award unless the court "award[ed] sanctions based on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[11]

Although § 1927 sanctions are discretionary, they cannot be imposed for mere negligence.[12] As the statute makes clear, § 1927 sanctions are reserved

---

[9] 28 U.S.C. § 1927 (permitting a court to award "the excess costs, expenses, and attorneys' fees reasonably incurred because of [the sanctionable] conduct"); *see Browning v. Kramer*, 931 F.2d 340, 346 (5th Cir. 1991) ("[Section 1927] authorizes awards only for actual fees and costs which proscribed conduct has caused.").

[10] *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (citing *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001)).

[11] *Id.* (citation omitted); *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998); *see also Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010) ("[A]n abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court.") (citation omitted); *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999) ("The district court is in the best position to assess the propriety of a party's conduct.") (citation omitted).

[12] *See Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995); *see also Procter*, 280 F.3d at 525–26 (citation omitted) (stating that a district court "may" impose § 1927 sanctions if the requirements are met).

for situations where counsel "unreasonably" and "vexatiously" multiplies legal proceedings.[13] Conduct is "unreasonable and vexatious" if there is evidence of the "persistent prosecution of a meritless claim" and of a "reckless disregard of the duty owed to the court."[14] An attorney acts with "reckless disregard" of his duty to the court when he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining his factual contentions.[15]

For its sanction to be affirmed, the district court must have made detailed factual findings, including (1) identifying the sanctionable conduct as distinct from the case's merits, (2) linking the sanctionable conduct and the sanction's size, and (3) identifying the legal basis for each sanction.[16]

### III

Viewing the district court's 28 pages of detailed fact-finding and analysis through the deferential "abuse of discretion" lens, we hold that the district court did not abuse its discretion in levying a § 1927 sanction against Morgan for his conduct from May 2014 through August 2015.

---

[13] 28 U.S.C. § 1927; *Procter*, 280 F.3d at 525–26. We sometimes require § 1927 sanctions be justified by "clear and convincing evidence" that every aspect of the litigation was meritless. *Compare Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) *and Bryant*, 597 F.3d at 694 *with Mercury Air Grp., Inc.*, 237 F.3d at 549 *and Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir. 2007). But we have not been clear on when this "clear and convincing" standard should be applied. We've explained that "[t]o shift the *entire cost of defense*, the claimant must prove, by clear and convincing evidence, that every facet of the litigation was patently meritless . . . ." *Procter*, 280 F.3d at 526 (emphasis added) (citation omitted); *see also Walker*, 168 F.3d at 240 (requiring the clear and convincing standard to recover "all costs associated with an action"). Therefore, when § 1927 sanctions are shifting only the partial cost of defense—anything less than "all costs associated with an action"—the clear and convincing standard should not be applied. *See Walker*, 168 F.3d at 240; *Browning*, 931 F.2d at 344–45 (distinguishing between awarding partial defensive fees and entire defensive fees). That is the case here.

[14] *Procter*, 280 F.3d at 525–26 (stating that "repeated filings despite warnings from the court, or other proof of excessive litigiousness" support the imposition of § 1927 sanctions).

[15] *See* FED. R. CIV. P. 11 (imposing a duty on attorneys to reasonably inquire into the evidentiary support for their factual contentions filed with the court); *Mercury Air Grp., Inc.*, 237 F.3d at 548–49; *Walker*, 168 F.3d at 240.

[16] *Procter*, 280 F.3d at 526; *Cambridge Toxicology Grp.*, 495 F.3d at 180–81.

No. 18-40846

A

It cannot be seriously disputed that Morgan multiplied the proceedings. The record shows that he repeatedly made filings based only on the meritless falsified-perjury claim.[17] Nor can it be denied that Morgan's multiplication of the proceedings was unreasonable and vexatious. He pursued a baseless claim with reckless disregard for his duty to the court.

The district court found, and the record irrefutably verifies, that Morrison's claim that Judge Walker fabricated a perjury charge against her was baseless. As the predicate event was action taken within the scope of Judge Walker's judicial capacity, it was barred by judicial immunity throughout the litigation.[18]

The district court held, as of the January 2014 amended complaint, that Morgan recklessly disregarded his duty to the court because he "failed to comply with his Rule 11(b) duty" and he "baselessly represented that the [falsified-]perjury claim resulted from conduct in [another judge's] court." In support, the court stated that a "reasonable lawyer" would have discovered the complete lack of factual support for Morrison's final allegation given Morrison's "sketchy memory" of her falsified-perjury claim's details, her clear memory of the *Peter Tran* case, the district court's pointed questions, and the readily available cache of contradictory evidence.

---

[17] *See, e.g.*, *Mercury Air Grp., Inc.*, 237 F.3d at 549 (finding counsel's litigation activity, including filings, multiplied the proceedings).

[18] *Id.* at 549 (holding the district court did not err in finding a claim meritless when there was evidence that there "was no suit to pursue"); *Walker*, 168 F.3d at 240 (finding a claim "clearly meritless" when there was no evidence of an essential element of the asserted claim).

No. 18-40846

A reasonable person could certainly adopt the district court's view.[19] The record is replete with support for the district court's conclusion that Morgan advanced a meritless position in reckless disregard of his duty to investigate:

1. Morrison's "memory deficits" surrounding the falsified-perjury allegation;
2. the lack of supporting evidence for Morrison's factual contentions;
3. the district court's unheeded questions;
4. the public grievance-proceeding documents referencing the *Peter Tran* case;
5. the Williams affidavit referencing the *Peter Tran* case; and
6. Morrison's uninhibited recollection of the *Peter Tran* case displayed at the sanctions hearing.[20]

Given the robust factual support for the district court's holding, it is easy to conclude the court did not abuse its discretion.[21]

Citing an unpublished case, *Vanderhoff*, Morgan argues that the district court erred because he was entitled to rely on his client's representations.[22] The nonprecedential *Vanderhoff* case affords Morgan no help. Here, the district court painstakingly compiled a 28-page factual record justifying its award of § 1927 sanctions.[23] And, unlike in *Vanderhoff*, it was unreasonable

---

[19] *Bryant*, 597 F.3d at 694.

[20] *See Mercury Air Grp., Inc.*, 237 F.3d at 549 (holding that the district court did not err in finding unreasonable and vexatious multiplication of the proceedings when counsel pursued the "lawsuit in the face of such bald evidence that there was no suit to pursue" and despite the "lack of extrinsic evidence" to support the claim); *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1299 (5th Cir. 1994) (stating that when a defense is "so obvious a bar," Rule 11 requires opposing counsel to reasonably inquire).

[21] *See Walker*, 168 F.3d at 240.

[22] 344 F. App'x 22, 27–28 (5th Cir. 2009).

[23] *See Vanderhoff*, 344 F. App'x at 27 ("[T]here are no findings of fact . . . to give deference under clear error review; [the court] simply concluded as a matter of law that [§ 1927 sanctions were justified] . . . .").

for Morgan to rely on his client's dubious factual allegations when there were glaring red flags that Morgan needed to investigate further.[24]

Morgan also cites *Calhoun,* arguing that Judge Walker's belated mention of the *Peter Tran* case makes sanctions unwarranted.[25] But in *Calhoun*, the defendant failed completely to pursue the allegedly obvious defense.[26] Here, Judge Walker raised judicial immunity in his dispositive motion to dismiss, highlighting this obvious bar, and Morgan disregarded overwhelming evidence that the bar applied.[27] Morgan's contentions get marks for audacity, if not veracity.

## B

We have no quarrel with the district court's award of Judge Walker's legal expenses from May 2014 through August 2015. The court satisfied the *Procter* factors by (1) finding that the sanctionable conduct was the stubborn pursuit of the legally baseless falsified-perjury claim, (2) correlating the sanction's size to such conduct, and (3) clearly imposing sanctions only under § 1927.[28] And the record supports that Judge Walker's "costs, expenses, and attorneys' fees" incurred between May 20, 2014 and August 28, 2015 had a financial nexus with the excess proceedings as they were incurred solely because of Morgan's sanctionable conduct.[29]

---

[24] *See id.* (asserting that counsel can rely on their client until such reliance is "unreasonable or . . . in bad faith").

[25] *Calhoun*, 34 F.3d at 1299–300 (finding that defendant's failure to "bring any dispositive motions" was evidence that the plaintiff's claim was not "so obvious[ly]" barred as to support § 1927 sanctions).

[26] *Calhoun*, 34 F.3d at 1300 (reasoning that, since the defendant did not pursue an allegedly obvious defense, the plaintiff should not be sanctioned for failing to research that defense as it apparently was not "so obvious and meritorious" as the defendant claimed).

[27] *Calhoun*, 34 F.3d at 1300; *Mercury Air Grp., Inc.*, 237 F.3d at 549.

[28] 280 F.3d at 526 (requiring specific findings of the three factors for a § 1927 sanction award to be upheld on review).

[29] *See Browning*, 931 F.2d at 344 ("Under § 1927, only those fees and costs associated with 'the persistent prosecution of a meritless claim' may be awarded.").

Morgan insists the sanctioned amount was erroneous because the awarded legal fees were not "segregated" based on subject matter. For example, Morgan asserts that the district court could not award Judge Walker legal fees for his counsel's "review of briefing[s] that related solely to Morrison's claims against other defendants." But Morgan's continued maintenance of the baseless falsified-perjury claim was the only reason Walker remained a defendant from May 2014 through August 2015.[30] Morgan's argument thus rings hollow because, without Morgan's sanctionable conduct, Morrison's suit against Walker would have been dismissed before May 2014, and Walker would not have incurred *any* legal expenses during this period.[31]

\* \* \*

Since 1980, federal courts have awarded stiff sanctions under modern § 1927 to punish the wrongful prolongation of litigation. Here, Morgan persistently pursued a meritless case barred by judicial immunity. The district court was best positioned to assess Morgan's abusive tactics; its sanctions award was not an abuse of discretion; and we AFFIRM.

---

[30] *Browning*, 931 F.2d at 344.

[31] *Id.*; *see Greer v. Richardson Indep. Sch. Dist.*, 471 F. App'x 336, 342 (5th Cir. 2012) (affirming non-segregated sanctions when the sanctioned amount was less than the total amount of legal fees incurred and the amount was "attributable" to sanctionable conduct).