# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2021

Lyle W. Cayce
Clerk

No. 20-40578

Mark Hammervold,

*Plaintiff—Appellant*,

*versus*

David Blank; Diamond Consortium, Incorporated,
*doing business as* The Diamond Doctor;
Jewelers Mutual Insurance Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:20-CV-165

Before Owen, *Chief Judge*, Smith and Graves, *Circuit Judges*.
Jerry E. Smith, *Circuit Judge*:

Mark Hammervold sued the defendants for malicious prosecution, abuse of process, and civil conspiracy. But, after the defendants' voluntary dismissal of the allegedly malicious and abusive suit, he moved for attorney's fees based on 28 U.S.C. § 1927 and the common law bad-faith exception to the American rule. He lost that motion. The court held that the denial of that motion precludes his current suit based on res judicata and collateral estoppel. We reverse and remand.

No. 20-40578

## I.

Because this case involves res judicata and collateral estoppel, background on both the previous and current lawsuits is needed.

## A.

In the first lawsuit, Diamond Consortium, Incorporated, and Blank, its owner—hereinafter jointly referred to in the singular as "Diamond Doctor"—sued Hammervold for violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and for civil conspiracy. The details underlying that lawsuit are not critical to this opinion.[1] In short, Hammervold was an attorney filing consumer-fraud claims against Diamond Doctor on behalf of clients. Diamond Doctor alleged that Hammervold brought those suits in bad faith to extort it into retaining him and his associates as attorneys, which would conflict Hammervold out of the consumer-fraud suits. Hammervold denied that characterization, contending that the consumer-fraud suits were legitimate and that it was Diamond Doctor that suggested retaining Hammervold to conflict him out, an offer that Hammervold repeatedly declined.

Following protracted litigation, Diamond Doctor moved voluntarily to drop the lawsuit under Federal Rule of Civil Procedure 41. Diamond Doctor asserts that it dropped the suit because it became concerned that Hammervold was judgment-proof. Hammervold avers that Diamond Doctor dropped the suit because of the motions *in limine* he had filed, which he asserts were effectively dispositive. The court granted the motion and dismissed the suit without prejudice.

Hammervold filed a post-judgment motion for "attorney[']s fees and

---

[1] They are outlined in more detail in *Diamond Consortium, Inc. v. Hammervold*, 733 Fed. App'x 151, 152–54 (5th Cir. 2018) (per curiam).

No. 20-40578

costs pursuant to 28 U.S.C. § 1927 and [the] common law 'bad faith' exception to the American rule."[2]  He contended that Diamond Doctor brought the RICO and civil conspiracy claims in bad faith and that the true aim of the suit was to force him to spend money on legal fees in order to pressure him into accepting a settlement that would unethically require him to agree not to file additional clients' claims against them.

The court denied Hammervold's motion.  It analyzed § 1927 and the common law bad-faith exception together and found that (1) because Diamond Doctor's suit survived motions to dismiss, Hammervold's arguments that the suit was baseless were "not sufficient to support a claim of bad faith," and (2) Diamond Doctor's "conduct throughout the course of litigation [was] appropriate," so Hammervold's objections to its conduct "[did] not rise to the level of proof required to obtain a bad faith finding."

B.

In the present lawsuit, Hammervold sued Diamond Doctor and Jewelers Mutual, Diamond Doctor's insurer,[3] for malicious prosecution, abuse of process, and civil conspiracy.  He again alleged that Diamond Doctor brought the initial lawsuit to make Hammervold and his alleged co-conspirators "start spending money" in order to pressure them to accept an unethical settlement agreement that would prevent them from bringing additional clients' consumer-fraud claims against Diamond Doctor, constituting both malicious prosecution and abuse of process.  He further alleged that Diamond Doctor "intentionally conducted the litigation against Hammervold in a way that"

---

[2] He also filed a Federal Rule of Civil Procedure 59(e) motion to amend the judgment to assign attorney's fees and costs to Diamond Doctor, making similar arguments.

[3] Jewelers Mutual was included as a defendant because Hammervold alleges that it participated in settlement negotiations and would have funded a settlement if it were reached, putting them in privity with Diamond Doctor.

forced him to spend more money, again to pressure him to accept the settlement. He also alleged abuse of process in a related lawsuit that resulted in the silencing of a witness important for his defense.

The district court granted the defendants' motion to dismiss those claims. The court reasoned that, because the motion for attorney's fees in the previous suit, and Hammervold's claims in the present lawsuit, arose from the same nucleus of operative fact, res judicata barred the claims. The court also reasoned that the court's statements in the order denying the motion for attorney's fees—specifically that the first lawsuit was "brought . . . in good faith" and that Diamond Doctor "acted appropriately" throughout the first lawsuit—would prevent Hammervold from proving required elements of malicious prosecution and abuse of process respectively.

## II.

Applying res judicata, which "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit," *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999), the district dismissed Hammervold's claims. Our review is *de novo*. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

Under Texas law,[4] "a judgment in an earlier suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992) (quotation omitted).

---

[4] The district court applied Texas preclusion law, and no party has asked us to do otherwise. We therefore assume, without deciding, that the preclusive effect of the prior litigation is governed by Texas, instead of federal, law. We note, however, that there are no relevant differences between Texas and federal preclusion law.

Succeeding on a res judicata defense "requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). All parties agree that the first two elements are met[5]; the disagreement surrounds only the third.

The third element is met if Hammervold's claims—malicious prosecution and abuse of process—were actually raised or could have been raised in his post-judgment motion for attorney's fees. Those claims were not actually raised. Though Hammervold's claims for attorney's fees involve similar elements and factual bases as do his current claims, they are not literally the same claim, such that we could say the claims were *actually* raised.[6]

Nor could Hammervold have raised those claims in his post-judgment motion. "If the court rendering judgment lacked subject-matter jurisdiction over a claim or if the procedural rules of the court made it impossible to raise a claim," then that claim could not have been raised.[7] That is precisely the case here. Hammervold raised his claims for attorney's fees after the court had dismissed the case. Because judgment had been entered, the court's jurisdiction was limited to actions ancillary to its judgment. That includes

---

[5] Hammervold concedes that Jewelers Mutual, although not a party to the first lawsuit, was in privity with Diamond Doctor.

[6] To be sure, the similarity of the elements of those claims may mean that losing one claim could preclude success on the other. But that is an issue of collateral estoppel, discussed *infra*, not res judicata.

[7] *Browning v. Navarro*, 887 F.2d 553, 558 (5th Cir. 1989) (citing Restatement (Second) of Judgments § 26(1)(c)); *see also Getty Oil*, 845 S.W.2d at 801 (applying that rule under Texas law).

motions for attorney's fees[8] but does not extend to "action[s] separate and independent from the action giving rise to the judgment."[9]  Therefore, the court lacked jurisdiction to hear Hammervold's claims for malicious prosecution and abuse of process when he filed the post-judgment motion, so he could not have brought those claims.

The district court found otherwise, because it applied the "transactional test," which determines the res judicata effect of a prior judgment based on whether the new claim arises from the same nucleus of operative fact as did the original claim.  *See Test Masters*, 428 F.3d at 571.  And the appellees here press that same argument.  But the transactional test is used only to determine which claims *that could have been brought* in the first suit are precluded by judgment in that suit.  Therefore, though Hammervold's post-judgment motion and current claims make essentially identical factual assertions, that is beside the point.  Res judicata bars "causes of action or defenses which arise out of the same subject matter" as the initial suit, but only where they "might have been litigated in the first suit."  *Getty Oil*, 845 S.W.2d at 798 (cleaned up). [10]

As a final note, the district court's granting Diamond Doctor's motion for voluntary dismissal in the first suit also does not preclude Hammervold's claims.  Because that dismissal was without prejudice, it is without res judicata effect.  *See In re USAA Gen. Indem. Co.*, No. 20-0075, 2021 WL 1822944,

---

[8] *See, e.g.*, *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 447 (1982).

[9] *Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986).

[10] *Product Supply Co. v. Fry Steel Inc.*, 74 F.3d 76, 78–80 (5th Cir. 1996), is not to the contrary.  Though it held that a post-motion judgment for bad-faith sanctions barred a later suit for malicious prosecution, it did so under California's "primary right" res judicata test, which does not include Texas's requirement that a claim actually was or could have been litigated.  *See id.* at 78 (citing *Busick v. Workmen's Comp. Appeals Bd.*, 500 P.2d 1386 (Cal. 1972)).

at *3 (Tex. May 7, 2021).  And, even if it were not, because Hammervold was the defendant in that action, res judicata would bar those claims only if they were compulsory counterclaims to Diamond Doctor's RICO claim.  *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206–07 (Tex. 1999).  Under both federal and Texas law, counterclaims are compulsory only if they arise from the same facts as the plaintiff's suit.[11]  Given that the claims for malicious prosecution and abuse of process arise out of the fact of the first lawsuit—and not the facts underlying that lawsuit—they do not arise from the same transaction and are thus not compulsory counterclaims.

### III.

The district court also held that collateral estoppel precludes Hammervold from succeeding on his claims for malicious prosecution and abuse of process.  Our review is *de novo*.  *See Test Masters*, 428 F.3d at 571.  "The elements of collateral estoppel under Texas law are: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action."  *In re Schwager*, 121 F.3d 177, 181 (5th Cir. 1997) (cleaned up).  Furthermore, "[c]ollateral estoppel requires that the issue decided in the first action be identical to the issue in the pending action."  *Getty*, 845 S.W.2d at 802.

If Hammervold is collaterally estopped from proving one of the elements of malicious prosecution or abuse of process, because an identical issue was decided in the previous litigation, then that claim can be dismissed.  There are two separate aspects of the court's denial of the motion for attorney's fees that could collaterally estop Hammervold.  First, the denial of the

---

[11] *See* FED. R. CIV. P. 13(a)(1)(A); TEX. R. CIV. P. 97(a).

motion itself could preclude Hammervold's current suit.[12]  Second, in the course of denying that motion, the district court might've made specific factual findings that preclude Hammervold from proving one or more of the elements of malicious prosecution or abuse of process.  We examine each separately.

### A.

The district court's denying Hammervold's motion for attorney's fees does not collaterally estop him from bringing his current claims.  Collateral estoppel requires that the issues in the first and second suits be identical. *Getty*, 845 S.W.2d at 802.  For an issue to be identical, both the facts and "legal standard used to assess them" must be identical. *Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 n.1 (5th Cir. 1991).  Part of that legal standard is the evidentiary standard against which the facts are judged.[13]  Thus, for the elements of malicious prosecution and abuse of process to be identical to those of § 1927 and the common law bad-faith exception, they must have the same burden of proof.

They do not.  Hammervold's claims for attorney's fees under § 1927 and the common law bad-faith exception had to be proven by clear and convincing evidence.  Under the common law bad-faith exception, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32,

---

[12] Denying the motion entailed deciding that at least one element of Hammervold's § 1927 and common law bad-faith-sanctions claims was not met; therefore, if that element would be required to prove malicious prosecution or abuse of process, Hammervold would be estopped from proving that claim.

[13] *See* 18 James Wm. Moore et al., Moore's Federal Practice § 132.02[2][h] (3d ed. 2021); *see also id.* § 132.02[4][b][i]; Restatement (Second) of Judgments § 28 (Am. Law. Inst. 1982).

45–46 (1991) (cleaned up). "The finding of bad faith must be supported by clear and convincing proof." *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014) (cleaned up).

Hammervold also had to prove his § 1927 claim by clear and convincing evidence. Per § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Sanctions under 28 U.S.C. § 1927 are punitive in nature and require clear and convincing evidence, that *every facet* of the litigation was patently meritless and evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court . . . ." *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010) (quotation omitted). Therefore, Hammervold would have had to prove his § 1927 claim by clear and convincing evidence.[14]

---

[14] In *Morrison v. Walker*, 939 F.3d 633, 637 n.13 (5th Cir. 2019), we indicated that the clear-and-convincing-evidence standard does not apply where "anything less than 'all costs associated with an action'" are sought by a § 1927 motion. That proposition seems untenable, given the rest of our caselaw.

Wherever we have noted the standard of evidence for § 1927 claims, we have said it is clear and convincing evidence. *See, e.g.*, *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014); *Bryant*, 597 F.3d at 694; *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002). Those cases presented that as a rule and noted no exceptions. *Morrison*, 939 F.3d at 637 n.13, relied on *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001), and *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir. 2007), for the proposition that clear and convincing evidence is not required where only part of the action's costs were sought. But those decisions are *silent* on the standard of evidence; there is no reason to take their silence as creating an exception to the otherwise uniform rule that the punitive nature of § 1927 sanctions requires clear and convincing evidence. Under the rule of orderliness, we must follow the earlier holding, which, in this case, is *Bryant*'s holding that clear and convincing evidence is required. *See Arnold v. U.S. Dep't of the Interior*, 213 F.3d 193, 196 n.4 (5th Cir. 2000).

No. 20-40578

And though it is not crystal clear,[15] it appears that the district court actually applied the clear and convincing standard of evidence to that claim. The court noted that it was addressing § 1927 and the common law bad-faith exception together, "identifying any differences if they arise." As explained above and by the district court, the common law bad-faith claim had to be proven by clear and convincing evidence. In its analysis of the claims, the district court never identified the standard of evidence as a difference, despite referring to the sufficiency of Hammervold's evidence numerous times. Therefore, it seems that the court applied the clear and convincing evidence standard.

Hammervold's claims for malicious prosecution and abuse of process, on the other hand, have to be proven only by preponderance of the evidence. *See Ellis Cnty. State Bank v. Keever*, 888 S.W.2d 790, 793 (Tex. 1994). Therefore, Hammervold might have enough evidence to meet his burden on his malicious-prosecution and abuse-of-process claims even though he did not have enough to do so for § 1927 and the common law bad-faith exception. *See Sealed Appellee 1 v. Sealed Appellant 1*, 767 F.3d 418, 424 (5th Cir. 2013). Hammervold's success on his current claims would not call into question the correctness of the denial of the motion any more than success in a civil-wrongful-death suit calls into question an acquittal on a murder charge.

---

Regardless of any ambiguity introduced by *Morrison*, Hammervold appeared to request all of his attorney's fees and costs, not just the fees and costs for a particular portion of the litigation. Therefore, clear and convincing evidence was required for his motion.

[15] It was not crystal clear because the district court, through no fault of its own, relied on the *Morrison* footnote for the legal standard. Despite that footnote saying that clear and convincing evidence applies only sometimes, the district court never explicitly stated whether it applied to Hammervold's motion.

10

B.

The district court also indicated that specific factual findings made in the order denying the motion for attorney's fees preclude Hammervold's success on his current claims.  But in that order, there are no findings with such preclusive effect.  To analyze that, we must lay out the elements of Hammervold's claims.

> To establish a claim for malicious prosecution [under Texas law], a plaintiff must show: (1) the institution or continuation of civil proceedings against the plaintiff; (2) initiated by the defendant; (3) with malice in the commencement of the proceedings; (4) which proceedings lacked probable cause; (5) were terminated in the plaintiff's favor; and (6) resulted in special damages.

*Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 529 (5th Cir. 2004) (per curiam).  And, to succeed on a claim for abuse of process, a plaintiff must show that "(1) the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act."  *Cooper v. Trent*, 551 S.W.3d 325, 333–34 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

In dismissing the current suit, the court relied on two supposed factual findings that the first court made in denying the motion.  First, the district court reasoned that the first district court found that Diamond Doctor had brought its lawsuit "in good faith."  The appellees similarly assert that the first district court "found that no bad faith existed."  Such a factual finding would make it impossible for Hammervold to show the third and fourth elements of malicious prosecution.  It would also preclude him from proving the second element of abuse of process.

But when it denied the motion, the first court did not find that

No. 20-40578

Diamond Doctor had acted in good faith in bringing the suit. Instead, that court only "[did] not find that they acted in bad faith."[16] That distinction, though subtle, is important. An affirmative factual finding that Diamond Doctor brought the suit in good faith might have preclusive effect. But the failure to find that it acted in bad faith bakes in the clear-and-convincing-evidence standard discussed above. And, just because the first court did not find bad faith on a clear-and-convincing-evidence standard, that does not preclude the current court from finding bad faith by a preponderance of the evidence.

Second, the current court reasoned that the first court's finding—that Diamond Doctor's course of conduct throughout the litigation was appropriate—precludes the abuse-of-process claim. But it doesn't.

Read in context, the district court's statement that Diamond Doctor's conduct was appropriate related only to its not deliberately prolonging the litigation. That finding does not prevent Hammervold from proving any element of either malicious prosecution or abuse of process. No element of malicious prosecution is affected by that finding. And the first element of abuse of process can still be met—process can be "illegal, improper or perverted" even if it is not "duplicative or harassing," if, for example, it is used for an improper purpose, as Hammervold alleges. Therefore, no factual finding in the order denying the motion for attorney's fees collaterally estops Hammervold from proving his current claims.

## IV.

The defendants ask us to affirm on the alternate grounds that, regardless of whether the previous litigation precludes Hammervold's current suit,

---

[16] The order denying the motion does not contain the phrase "good faith" and repeatedly refers to Hammervold's assertions as being insufficient to prove bad faith.

it can be dismissed for failure to state a plausible claim for relief and for violating the statute of limitations. "[W]e may affirm on any ground supported by the record, including one not reached by the district court." *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014) (quotation omitted). But "we are not required to do so." *Id.* at 313 (quotation omitted).

Because defendants' proposed alternative path for relief is entirely separate from Hammervold's main argument on appeal, was not fully briefed by him, and has not been analyzed by the district court in even a passing fashion, we decline to affirm on those grounds. It is preferable to have the district court examine those issues in the first instance.

We REVERSE the dismissal of Hammervold's claims based on res judicata and collateral estoppel and REMAND for further proceedings as needed. We place no conditions or limitations on what actions the district court should take on remand.