# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2022

Lyle W. Cayce
Clerk

No. 21-40322

United States of America,

*Plaintiff—Appellee,*

*versus*

David Lee Jackson,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:06-CR-51-2

Before Smith, Costa, and Wilson, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

David Jackson is serving two consecutive life sentences in federal prison. In 2020, he moved for compassionate release under the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A). The district court denied that motion because Jackson had not identified "extraordinary and compelling reasons," as the statute requires. *Id.* § 3582(c)(1)(A)(i).

On the same day, we decided *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021). There, we clarified that Section 1B1.13 of the Sentencing Guidelines does not bind district courts when they resolve prisoners'

No. 21-40322

compassionate-release motions. *Id*. at 392–93.

The district court did not have the benefit of *Shkambi* when it denied Jackson's motion, and it appears to have mistakenly concluded that Section 1B1.13 governed its analysis of Jackson's prisoner-filed motion. Following our usual practice in such cases, we vacate the denial of Jackson's compassionate-release motion and remand in light of *Shkambi*.

## I.
### A.

Before 2018, "only the Bureau of Prisons could file a motion for compassionate release" under 18 U.S.C. § 3582(c). *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021). The FSA changed that by amending Section 3582 "to allow [prisoners] to file compassionate-release motions after exhausting administrative remedies." *Id*.

As relevant here, a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id*. "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

Notably, Section 3582 does not define "extraordinary and compelling reasons." Congress left that task to the Sentencing Commission, though Congress did insist that "[r]ehabilitation of the [prisoner] alone" cannot justify a reduced sentence. 28 U.S.C. § 994(t); *Shkambi*, 993 F.3d at 390–91.

Section 1B1.13 reflects the Commission's efforts to specify those rea-

sons. Its commentary "articulate[s] four categories of 'extraordinary and compelling reasons' that could warrant a sentence reduction: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons" identified by the Bureau's Director. *Shkambi*, 993 F.3d at 391 (citing U.S.S.G. § 1B1.13 cmt. n.1).

But the Commission apparently did not anticipate that Congress would allow prisoners to file compassionate-release motions. Section 1B1.13 repeatedly states that it governs *the Bureau's* compassionate-release motions. *Id*. at 392. As a result, we held in *Shkambi* that it does not bind a district court when considering a *prisoner's* motion for compassionate release. *Id*. at 393.[1] Even so, Section 1B1.13 may "inform[ ]" the district court's analysis. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021).

## B.

Two decades ago, Jackson stabbed another federal prisoner to death. For that offense, he was convicted of murder and sentenced to death. He was also convicted of possessing a weapon in a prison and sentenced to life imprisonment. We affirmed. *United States v. Jackson*, 549 F.3d 963 (5th Cir. 2008), *cert. denied*, 558 U.S. 828 (2009).

Jackson then filed a Section 2255 habeas corpus petition. While the

---

[1] In so holding, we joined the Second, Fourth, Sixth, Seventh, and Tenth Circuits. *See Shkambi*, 993 F.3d at 393. Since then, we have been joined by the First, Third, Ninth, and D.C. Circuits. *United States v. Ruvalcaba*, No. 21-1064, 2022 WL 468925, at *6 (1st Cir. Feb. 15, 2022); *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. Long*, 997 F.3d 342, 355 (D.C. Cir. 2021). Only the Eleventh Circuit disagrees. *United States v. Bryant*, 996 F.3d 1243, 1247–48 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). To our knowledge, the Eighth Circuit has not weighed in. *See United States v. Crandall*, No. 20-3611, 2022 WL 385920, at *2 (8th Cir. Feb. 9, 2022).

government was preparing to litigate that petition, it discovered undisclosed *Brady* material related to Jackson's schizophrenia. That led the government to offer Jackson a deal. The government would petition the district court to reduce Jackson's sentence to life imprisonment; in return, Jackson would withdraw his Section 2255 petition. Jackson agreed. The district court then sentenced him to life imprisonment for the murder conviction (to run consecutively to his other life sentence) and dismissed the Section 2255 petition.

Fast forward seven years. After the FSA became law, Jackson moved for compassionate release. He advanced five reasons that he said were extraordinary and compelling: the pandemic, a COVID–19 outbreak at his prison, his poor health, his efforts at rehabilitation, and ineffective assistance of counsel ("IAC") during his Section 2255 litigation. He also stated, without elaboration, that his release would be consistent with the Section 3553(a) factors.

The government opposed the motion. It maintained that Section 1B1.13 controlled the district court's assessment of extraordinary and compelling reasons. It thus disputed only the reasons consistent with that statement: the pandemic, the alleged outbreak, and their interaction with his health problems. The government also suggested that the Section 3553(a) factors did not favor Jackson's release on account of the threat he posed to the public.[2]

The district court denied Jackson's petition the same day we decided *Shkambi*. It rejected Jackson's claims that the COVID-19 pandemic, a COVID-19 outbreak at his prison, and his health problems were extraordinary and compelling reasons. But the court's opinion did not discuss or analyze

---

[2] *See* 18 U.S.C. § 3553(a)(2) (stating that one factor is "the need for the sentence imposed . . . to protect the public from further crimes of the defendant").

his rehabilitation claim, his IAC claim, or the Section 3553(a) factors.

Jackson appealed.

## II.

We review the denial of a compassionate-release motion for abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). That occurs when the district court "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quotation omitted). We review purported errors of law *de novo*. *See United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020). A factual determination is clearly erroneous "only if, based on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Barry*, 978 F.3d 214, 217 (5th Cir. 2020) (quotation omitted).

Even when the district court has erred, we may affirm if another ground in the record supports its judgment. *United States v. Garrett*, 15 F.4th 335, 340 (5th Cir. 2021). The district court need not have reached that ground, *Hammervold v. Blank*, 3 F.4th 803, 813 (5th Cir. 2021), but it must have been "advanced below," *see Dillard v. City of Austin*, 837 F.3d 557, 562 n.2 (5th Cir. 2016). In addition, "[t]hough we may affirm on an alternative basis, the decision to do so is discretionary . . . ." *United States v. Hankton*, 875 F.3d 786, 793 (5th Cir. 2017).

## III.

Jackson claims that the district court failed to analyze his rehabilitation claim and IAC claim because it mistakenly believed that Section 1B1.13 governed compassionate-release motions filed by prisoners. He therefore asks us to vacate and remand for further consideration in light of *Shkambi*. The government contends that the district court merely relied on Section 1B1.13 to "inform" its analysis. *See Thompson*, 984 F.3d at 434. Jackson has the

better reading of the district court's opinion.

Although the district court never explicitly said so, its opinion reveals that it believed Section 1B1.13 was binding. It called Section 1B1.13 one of the "governing statutes" for Jackson's motion. It stated that Section 1B1.13 limited the "extent" to which his reasons could "qualif[y]" him for compassionate release. It situated the availability of compassionate release "*under* 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13, cmt. n.1(A)"[3]—indicating that it believed Section 1B1.13 controlled the outcome. And it analyzed Jackson's medical issues using the framework provided by Section 1B1.13's commentary on the "Medical Condition of the Defendant." U.S.S.G. § 1B1.13, cmt. n.1(A).

All that leads us to conclude that the district court had quietly adopted the government's position that Section 1B1.13 limited its analysis of "extraordinary and compelling reasons." That's a mistake under *Shkambi*,[4] so we follow our typical practice and remand in light of that decision.[5]

The government urges us to affirm on other grounds. It presses two

---

[3] Emphasis added.

[4] *Cf. Ward*, 11 F.4th at 360 ("[T]he district court did not explicitly state that it considered Section 1B1.13 to bind its determination, but it relied on Section 1B1.13 exclusively to delineate the contours of what constitutes an 'extraordinary and compelling reason' before concluding that Ward failed to present one. Accordingly, this part of the district court's analysis is not a basis to affirm its denial."); *Cooper*, 996 F.3d at 288 ("The district court declined to consider whether it had discretion to deviate from the 'extraordinary and compelling reasons' articulated in § 1B1.13 . . . . Thus, as clarified in *Shkambi*, the district court effectively considered that policy statement binding.").

[5] *See, e.g.*, *United States v. Tucker*, No. 20-10906, 2022 WL 278377 (5th Cir. Jan. 31, 2022) (per curiam) (unpublished); *see also Cooper*, 996 F.3d at 289 ("When a district court fails to exercise its discretion based on a misapprehension of the law . . . , this court remands the action to allow the district court to exercise it in the first instance." (alteration adopted) (quotation and quotation marks omitted)).

options. First, it claims that Jackson's efforts at rehabilitation and the alleged IAC are not extraordinary and compelling grounds. Second, it says that Jackson is still a threat to the public, so his release is not consistent with the Section 3553(a) factors.

The problem with the first alternative ground is that the government never mentioned it to the district court.[6] Instead, it argued that *only* those reasons highlighted in Section 1B1.13 qualified as exceptional and compelling under the FSA. Thus, because the government never "advanced" that ground, we can't use it to affirm. *Dillard*, 837 F.3d at 562 n.2.

The second alternative ground has two shortcomings. The first is that the balancing of the Section 3553(a) factors is fact-intensive and, as the government admits, not well developed before the district court. That is a strong reason for us to decline to affirm on this ground. *See, e.g.*, *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 485 n.16 (5th Cir. 2014).

The second concern is that affirming on that ground would encroach on the district court's special role in sentencing matters. The FSA vests the discretion to alter a prisoner's sentencing in the district courts. *See* 18 U.S.C. § 3582(c)(1)(A). That is hardly a surprise; one of the "institutional strengths" of the district courts is applying the sentencing laws to defendants based on their individual circumstances.[7] Those laws include the Section 3553 factors, for which "[t]he sentencing judge is in a superior position

---

[6] Although the government disputed Jackson's rehabilitation when discussing the Section 3553(a) factors and suggested in passing that his IAC claim was "outside of the scope" of his compassionate-release motion, it never linked those claims to the "extraordinary and compelling reasons" requirement in Section 3582.

[7] *Kimbrough v. United States*, 552 U.S. 85, 109 (2007); *see also Koon v. United States*, 518 U.S. 81, 98 (1996) ("District courts have an institutional advantage over appellate courts in making [Sentencing Guideline] determinations . . . .").

to find facts and judge their import . . . in the individual case." *Gall v. United States*, 552 U.S. 38, 51 (2007).  Indeed, we have recognized that principle in other compassionate-release cases.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *Ward*, 11 F.4th at 360.  We therefore exercise our discretion and leave it to the district court to analyze the Section 3553(a) factors.[8]

The judgment is VACATED and REMANDED for further proceedings in light of *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021).  We do not mean to suggest what rulings the district court should make on remand.

---

[8] If necessary.  On remand, the district court may deny Jackson's motion without reaching the Section 3553(a) factors if it determines that he has not identified "extraordinary and compelling reasons" justifying his release.  18 U.S.C. § 3582(c)(1)(A)(i); *see, e.g.*, *Thompson*, 984 F.3d at 433–35.  But we have regularly affirmed the denial of a compassionate–release motion—even in cases with a *Shkambi* problem—where the district court's weighing of the Section 3553(a) factors can independently support its judgment.  *See, e.g.*, *Ward*, 11 F.4th at 360.