# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2022

Lyle W. Cayce
Clerk

No. 21-40377

Eric Watkins,

*Plaintiff—Appellant*,

*versus*

Food Service Staff Members, *Individually and in Their Official Capacity*; Unknown Parties, *Other Correctional Officers*, *Individually and in Their Official Capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-599

Before Wiener, Higginson, and Wilson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

Eric Watkins brings a *Bivens* action against food service staff members at the Beaumont Federal Correctional Complex, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming they denied him breakfast on December 18, 2008, as retaliation for grievances he filed against them. The district court dismissed Watkins's action for failure

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-40377

to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), concluding it was untimely. "We may affirm on any ground supported by the record, including one not reached by the district court." *Hammervold v. Blank*, 3 F.4th 803, 813 (5th Cir. 2021) (quoting *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014)).

As we concluded in a closely related appeal Watkins previously filed, his complaint is best construed as a *Bivens* action for First Amendment retaliation. *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021). However, the Supreme Court recently held that "there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022). Therefore, without reaching the question of timeliness, we conclude that Watkins has failed to state a claim upon which relief may be granted.

AFFIRMED.