OGLALA SIOUX TRIBE OF the PINE
RIDGE INDIAN RESERVATION,
Plaintiff,

v.

The UNITED STATES, Defendant.

No. 735–85L.

United States Claims Court.

Oct. 14, 1988.

Frances L. Horn, Washington, D.C., Atty. of record for plaintiff.

Pamela S. West, Washington, D.C., with whom was Asst. Atty. Gen. Roger J. Marzulla, for defendant. James M. Upton, of counsel.

## MEMORANDUM OPINION

REGINALD W. GIBSON, Judge:

Subject action is once again before the court, this time for consideration of plaintiff's Motion to Strike Defendant's Motion for Summary Judgment. Said motion to strike was filed with the court on July 7, 1988. For the reasons stated below, we hereby DENY plaintiff's motion in that, as made, it is violative of RUSCC 11. Additionally, we hereby direct defendant's counsel to file with the court a motion for leave to file an Amended Proposed Statement of Uncontroverted Facts, together with the properly annotated and dated statement.

PROCEDURAL HISTORY

The following relevant procedural historical facts are noted for the record.

Plaintiff filed the instant action on December 13, 1985, seeking monetary damages for defendant's alleged mismanagement and unlawful disposition of plaintiff's property. Defendant's answer followed, on April 14, 1986. Since that time, in an atmosphere of increasing one-upmanship, the parties have called upon the court to arbitrate a plethora of trivial pretrial motions, to wit:

1. July 18, 1986—Defendant's motion to compel responses to interrogatories and request for production of documents.

2. July 31, 1986—Plaintiff's motion for protective order or discovery conference.

3. September 22, 1986—Plaintiff's motion for protective order denied; motion to compel granted—future discovery ordered in accordance with Claims Court rules.

4. February 3, 1987—Plaintiff's motion to compel discovery and motion to deter-

mine sufficiency of defendant's responses to request for admissions; defendant's response and memorandum filed May 1, 1987; plaintiff's reply filed May 13, 1987; plaintiff's motion for leave to file supplemental statement in reply to defendant's response to plaintiff's motion to compel filed May 26, 1987; defendant's response in opposition to plaintiff's motion for leave to file supplemental statement and defendant's request for status conference filed June 8, 1987; plaintiff's response to defendant's motion for status conference filed June 11, 1987.

5. June 30, 1987—Order on status conference conducted June 29, 1987. Proceedings stayed 30 days; parties advised to attempt amicable resolution of discovery disputes.

6. December 1, 1987—Fifth joint status report filed. Joint request for status conference with court regarding discovery problems.

7. December 14, 1987—Order regarding status conference conducted on December 11, 1987. Plaintiff's February 3, 1987 motion to compel stayed until close of discovery.

8. February 9, 1988—Plaintiff's motion for scheduling order—court requested to set date for defendant to furnish Price Waterhouse audit report.

9. February 11, 1988—Court orders defendant to deliver in hand Price Waterhouse audit report to plaintiff on or before March 15, 1988.

10. July 6, 1988—Defendant's motion to stay discovery until ruling on defendant's motion for summary judgment.

11. July 12, 1988—Plaintiff's opposition to defendant's motion to stay discovery.

12. August 8-9, 1988—Court hears oral argument on defendant's motion to stay discovery and enters order denying same as to plaintiff's requests submitted prior to May 10, 1988; defendant ordered to produce forthwith all documents requested by plaintiff prior to May 10, 1988; plaintiff to file by August 16, 1988, delineation of all outstanding discovery requests; defendant to set aside Price Waterhouse report for possible later discovery if court denies defendant's motion for summary judgment. Court took under advisement request for discovery after May 10, 1988, pending ruling on defendant's motion for summary judgment.

13. August 16, 1988—Plaintiff's delineation of outstanding discovery requests.

14. September 20, 1988—Defendant's motion for extension of time to respond to plaintiff's delineation of outstanding discovery requests.

As demonstrated by the aforementioned docket entries (which are *not* by any means all inclusive), counsel have, *ab initio*, been unwilling to conduct themselves reasonably (when interacting with one another regarding pretrial proceedings) towards a speedy resolution of their respective client's interests. This is apparent because the court has had to arbitrate several of counsel's petty differences on no fewer than five occasions. Moreover, the court notes, for the record, that each attorney, in handling pretrial issues, has exhibited a propensity towards what can only be characterized as "one-upmanship." We emphasize that we are unimpressed by such dilatory posturing. It is against this background that we now rule on plaintiff's motion to strike defendant's motion for summary judgment.

## MOTION TO STRIKE SUMMARY JUDGMENT MOTION

Defendant's motion for summary judgment was filed on May 10, 1988. The particulars thereof are irrelevant to this discussion. Plaintiff's leave for an extension to file a response to said motion was filed, and granted on June 7, 1988. On July 7, 1988, plaintiff filed a motion for leave to file its cross-motion for summary judgment and response to defendant's prior motion. Such was granted on July 11, 1988. Also on July 7, 1988, plaintiff filed subject motion to strike defendant's motion for summary judgment. Thus, at the time plaintiff filed its motion to strike, it had *already* or

simultaneously responded to defendant's motion for summary judgment.

In its motion to strike, plaintiff asserted that defendant's motion for summary judgment violated RUSCC 56(d)(1) in that: (i) "defendant's Proposed Findings of Uncontroverted Facts contain[ed] no 'citation to the opposing party's pleadings or to documentary evidence (such as affidavits or exhibits) filed with the motion or otherwise part of the record in the case' "; and (ii) the facts upon which defendant "apparently" based its motion were highly controversial (*i.e.,* they create a genuine issue of material fact). Therefore, plaintiff concluded that defendant's motion for summary judgment "do[es] not satisfy the requirement of the Rule."

Defendant's response thereto was filed on August 24, 1988. Attached to said response was an amended copy of defendant's Proposed Findings of Uncontroverted Fact containing proper citations. Defendant stated that it had "inadvertently failed to include citations [to the record] in its proposed findings" and argued further that the mere existence of a factual dispute does not preclude the grant of summary judgment.

## DISCUSSION AND HOLDING

Without addressing the merits of subject summary judgment motion, the court notes that the essence of plaintiff's first challenge to such is merely that defendant has failed to comply with the mandatory procedural requirements of RUSCC 56(d)(1). Claims Court Rule 56(d)(1), which has no parallel in the Federal Rules of Civil Procedure, is a detailed procedure by which parties are to process summary judgment motions with the court. In particular, Rule 56(d)(1) requires that each paragraph of the movant's Proposed Findings of Uncontroverted Fact "shall contain citations to the opposing party's pleadings or to the documentary evidence (such as affidavits or exhibits) filed with the motion or otherwise part of the record in the case." RUSCC 56(d)(1). Plaintiff's position, we glean, is that the defendant's failure to comply with

this procedural requirement warrants that the *entire motion* for summary judgment be summarily stricken.

At first blush, plaintiff's stance appears *minimally* meritorious because, based on the movant's Proposed Findings, the non-movant is required under the rule to "state the precise nature of its disagreement and give its version of the events, supported by record citation." RUSCC 56(d)(2). Thus, from a technical standpoint, if the non-movant is not cognizant of the source of a movant's factual basis underlying its motion, it (the non-movant) *could* be incapable of pointedly responding thereto. However, such was not the situation in subject case.

■ Moreover, even assuming *arguendo* that plaintiff *was* prejudiced by the defendant's failure to cite to the record as provided by the Rule, *supra,* a motion to strike the *entire* pleading (*i.e.,* summary judgment) is, on these facts, inappropriate. First, recognizing that a motion for summary judgment is a "tool of great utility in removing factually insubstantial cases from crowded dockets," and thus, should be viewed hospitably, *see City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc.,* 838 F.2d 268, 273 (8th Cir.), *reh'g en banc denied* (1988), we are constrained to find that the letter and spirit of Rule 56 (*i.e.,* just, speedy and inexpensive determination of every action) would not be met were the courts to "delete" every such motion due to a party's inadvertent omission of proper citations to the record. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). This is so because in such circumstances the court would then be required to proceed with a protracted trial on the merits. The objective then would be simply to adduce those same operative uncontroverted facts previously postured in the summary judgment motion.

Second, considering the fact that this court is authorized to regulate the practice before it (RUSCC 1(a)(3)),[1] and given the language of RUSCC 56(g) which permits us

---

1. RUSCC 1(a)(3) states "In all cases not provided for by rule, a judge may regulate the applica-

ble practice in any manner not inconsistent with these rules."

to stay a summary judgment proceeding where an opposing party cannot present "facts essential to justify his opposition," by analogy, the plaintiff herein had but to demonstrate to the court that the Proposed Findings of Uncontroverted Fact were insufficiently annotated to allow a meaningful response thereto. In such case, the court could have exercised the broad discretion it enjoys when interpreting its procedural rules and directed that the Proposed Findings of Uncontroverted Facts themselves be made to conform to the court's procedural rule outlined in RUSCC 56(d)(1). Because plaintiff failed to do so, we find that its ground for moving to strike defendant's motion for summary judgment is not well taken.

For added reason, plaintiff's Statement of Genuine Issues was filed on July 11, 1988, the same date on which leave was granted by this court for it to file its cross-motion for summary judgment. Said Statement is dated July 6, 1988. Consequently, it is apparent that that Statement was completed at the time the instant motion to strike was filed. Thus, the foregoing circumstance warrants an inference that defendant's failure to properly comply with the mandatory provisions of RUSCC 56(d)(1) *did not* appear to act or to visit in any way a substantial prejudice on the plaintiff, *i.e.*, by precluding it from posturing genuine issues of material fact. In other words, except for one-upmanship, we perceive no real basis for plaintiff's initial challenge (*i.e.*, motion to strike) to defendant's motion for summary judgment. Based upon these facts, and given the indecorous behavior *both* parties have demonstrated before this court, we are disinclined to conclude that the instant motion to

strike was made in good faith, and so hold. *See* RUSCC 11.[2]

■ Next, with regard to plaintiff's assertion that the motion for summary judgment should be stricken due to the "controversial" nature of the facts relied upon by the defendant, we likewise conclude that such position was not advanced in good faith. Plaintiff's contention, even if meritorious, clearly goes to the very *substance* of the summary judgment motion, and is, therefore, improperly postured in the context of a motion to strike the pleading.

Where summary judgment proceedings are concerned, the substantive law places upon the movant the burden of showing that, based upon the uncontroverted facts in the record, it is entitled to judgment as a matter of law. *See* RUSCC 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *NPD Research, Inc. v. United States*, 15 Cl.Ct. 113, 118 (1988); *Universal Life Church, Inc. v. United States*, 13 Cl.Ct. 567, 579 (1987). That is to say, the moving party must demonstrate the absence of genuine issues of material fact, and the court will review such in a light most favorable to the non-movant. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *NPD Research*, 15 Cl.Ct. at 118. The movant "always bears the initial responsibility of informing the ... court of the basis for its motion, and *identifying those portions of ... [the record] which it believes demonstrates the absence of a genuine issue of material fact.*" *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553.

These are the most basic principles of summary judgment. The court will not presume that the plaintiff is unaware thereof. Furthermore, we will not pre-

---

**2.** RUSCC 11, "Signing of Pleadings, Motions, and Other Papers; Sanctions," provides, in pertinent part, as follows:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper

purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, ... upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

sume that plaintiff was or is unaware of the proper vehicle through which a motion for summary judgment may be opposed. Thus, we conclude that the plaintiff's motion to strike was made in bad faith, and therefore violates RUSCC 11.

 Despite our findings against the plaintiff, we will not impose sanctions at this juncture, even though the record may justify same. This is because the defendant, similarly, can be found to be an equal contributor to the disharmony in these proceedings. In short, and as noted *supra*, both parties have acted indecorously in that they have inundated this court with motions that amount to little more than petty bickering. Each has demonstrated a regrettable inability to conduct herself in a reasonable adversarial manner conducive to the orderly administration of this case. In fact, the court notes that the defendant's "amended" Statement of Uncontroverted Facts, attached to its response to plaintiff's motion to strike, violates RUSCC 11 in that the attorney has certified that the document was *prepared* on May 10, 1988, *i.e.*, the date of the *filing* of defendant's motion for summary judgment. This representation is simply untrue in view of the fact that the document had to have been "retyped" in July 1988 (after plaintiff's motion to strike raising the issue had been filed on July 7, 1988). We also note that the margins and paginations have changed from the original filing on May 10, 1988, and that the pleading itself misstates the time of its resubmission. *See* Defendant's Proposed Statement of Uncontroverted Fact, n. 1. Finally, defendant's counsel has failed to properly seek leave of the court *to amend its pleading*. Therefore, said document has not been filed as of the date of this opinion.

CONCLUSION

Each attorney, in an attempt to mortally discredit the other by one-upmanship, has committed serious infractions of the court's rules. It would appear to the court that if counsel were to concentrate their efforts on the business at hand, we would not receive pleadings which fail to conform to standard court rules, or which contain blatant errors and omissions. Additionally, the parties would also be able to amicably resolve many of the pretrial issues that have surfaced to date without involving the court. While we will not, as previously stated, impose sanctions, the court hereby places both plaintiff's and defendant's counsel on notice that, in the future, frivolous vindictive motions will result in swift and appropriate sanctions being imposed against the offender pursuant to RUSCC 11.

Accordingly, plaintiff's Motion to Strike Defendant's Motion for Summary Judgment is hereby DENIED. Defendant shall file, on or before October 28, 1988, its motion for leave to file its amended Proposed Statement of Uncontroverted Facts, together with said Statement properly dated and properly annotated with appropriate citations to the record as required under RUSCC 56(d)(1).

IT IS SO ORDERED.

