NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0104n.06

No. 23-1476

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>MATTHEW NICHOLS,<br><br>  Plaintiff-Appellant,<br><br>v.<br><br>WILLIAM DWYER; CITY OF<br>WARREN, MICHIGAN,<br><br>  Defendants-Appellees.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td><b>FILED</b><br>Mar 07, 2024<br>KELLY L. STEPHENS, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br>OPINION</td></tr>
</table>

Before: MOORE, GRIFFIN,[1] and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Matthew Nichols was elevated from the bargaining unit of the Warren Police Department to Deputy Police Commissioner, a non-bargaining-unit position. After he was removed from that position and from the Department altogether, Nichols sued Police Commissioner William Dwyer, the City of Warren (the City), and the City's Mayor. In a May 2021 opinion, we affirmed the dismissal of several of Nichols's claims. But we also held that Nichols had plausibly stated a procedural due process claim against Dwyer and the City based on Nichols's right to return to the Department's bargaining unit to grieve his termination. On remand, however, Nichols sought reappointment as Deputy Commissioner, even though our May 2021 opinion stated that he possessed no property right in that position. Based on Nichols's argument, the district court granted summary judgment to Defendants. Nichols now appeals that decision and many others. We **AFFIRM IN PART AND REVERSE IN PART.**

---

[1] Judge Griffin has been substituted for Judge Cook.

**I. BACKGROUND**

Our prior opinion in this case provides a detailed factual narrative, *see Nichols v. Dwyer*, 856 F. App'x 589, 590-92 (6th Cir. 2021), and we recount here only those facts relevant to Nichols's current appeal.

In February 2017, Nichols was elevated from a position within the bargaining unit of the Warren Police Department to Deputy Commissioner, a non-bargaining-unit position. *Id.* at 589-90. Nichols's Deputy Commissioner Employment Agreement stated that the Mayor of Warren could remove Nichols from that position "for any reason with or without cause," but that upon removal, Nichols would have the right to return to his former position in the bargaining unit. *Id.* at 590. The applicable collective bargaining agreement (CBA) likewise provided that a person, like Nichols, who was appointed from the bargaining unit to the Deputy Commissioner position but then removed as Deputy Commissioner would have the right to return to his former rank. *Id.*

After an incident involving the alleged use of excessive force—the particulars of which are disputed but irrelevant for our purposes—Dwyer informally terminated Nichols from the police department in late 2018, and formally discharged him in mid-2019. *Id.* at 591-92. Nichols's counsel then sent an email to Rachael Badalamenti, litigation counsel for the Warren Police Department (and counsel for Defendants here), requesting arbitration of a grievance under Nichols's employment contract and asking for additional information if an email was not the correct method to demand arbitration. *Id.* at 592. Badalamenti's response contended that Nichols had no right to arbitration. *Id.* She noted that under the CBA, only individuals in the bargaining unit were entitled to arbitrate grievances. *Id.* Because Nichols was not a part of the bargaining unit as the Deputy Commissioner, and because his removal by Dwyer—rather than by the Mayor— did not trigger his return to the bargaining unit, Badalamenti asserted that Nichols had "no contract

right" to arbitrate his grievance and that she had "no information to assist [Nichols] in getting [his] matter to arbitration." *Id.*

Nichols sued, seeking to compel arbitration while alleging procedural and substantive due process violations. The district court granted Defendants' motion to dismiss in full. *See id.* at 590, 592-93. In a May 2021 opinion, we affirmed the dismissal of Nichols's arbitration and substantive due process claims, and also affirmed the dismissal of Nichols's procedural due process claim against the City's Mayor. *Id.* at 595-96, 600-01. We reversed, however, the dismissal of Nichols's procedural due process claim against Dwyer and the City, explaining that Nichols's Employment Agreement provided that if he was "terminated or suspended from his role for disciplinary reasons that would bar him from returning to his prior position or another position in the Department, he would be entitled to return to the bargaining unit as a Lieutenant, and to have the right to use the CBA's grievance procedures." *Id.* at 596; *see also id.* at 599 ("Defendants were obligated to return Nichols to his prior post in the bargaining unit, making him eligible to initiate the grievance procedure."). But we also found that because "Nichols could be dismissed from his appointed position as Deputy Commissioner without cause . . . he had no property right in that appointment." *Id.* at 596. We further noted that it appeared from the language of Nichols's Agreement that only the Mayor, not Dwyer, should have been able to terminate or suspend him in the first place. *Id.* at 597.

On remand, the parties filed cross-motions for summary judgment on Nichols's remaining claim. The district court held a hearing on the motions, and engaged in several colloquies with Nichols's counsel about what relief Nichols was seeking. Counsel stated several times that Nichols was asking to be reappointed as Deputy Commissioner based on the language in our prior opinion stating that only the Mayor had the right to remove Nichols from that position:

> THE COURT: . . . Let me ask you, is it your view that Mr. Nichols once he was terminated from his deputy position, [he] needed to be reinstated to his lieutenant's position in the force? Is that right?
>
> [COUNSEL]: No. . . . He had to be reinstated to the deputy commissioner position so the mayor could take action. . . . As far as our position is he is still deputy commissioner because he has not been removed by the mayor and that's what the Sixth Circuit also found.
>
> . . .
>
> THE COURT: . . . Is it your view that all you're asking for in this case is that he be reinstated into [the] deputy commissioner's position? You are not asking that he be returned to his lieutenant's position; is that right?
>
> [COUNSEL]: That's correct. It's a condition precedent your Honor for him going back down to the lieutenant's position that the mayor take affirmative action to remove him.

R. 140, Summ. J. Hr'g., PageID 3887-88. Counsel's representations at the hearing mirrored the relief sought in Nichols's summary judgment motion. *See* R. 126, Pl.'s Mot. Summ. J., PageID 3589 ("Plaintiff is requesting that this Honorable Court return him to his former position as Deputy Commissioner.").

In a written order, the district court granted Defendants' summary judgment motion. The order noted that the sole relief requested by Nichols was to be reinstated as Deputy Commissioner. It explained that under our prior decision, "Nichols has no constitutionally protected property right in the Deputy Commissioner position." R. 145, Summ. J., Mot. to Amend, and Sanctions Order, PageID 3962. Nichols, the court reasoned, "cannot utilize a theory of procedural due process to win reinstatement to a position in which he has no property right." *Id.* Nichols now appeals that decision and many others, challenging numerous rulings made by the district court across five orders.

## II. ANALYSIS

### A.  Summary Judgment Order

We review de novo a district court's grant of summary judgment. *King v. Steward Trumbull Mem'l Hosp., Inc.*, 30 F.4th 551, 559 (6th Cir. 2022). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

Nichols argues here, as he did in the district court, that our May 2021 opinion required him to seek reappointment to the Deputy Commissioner position in order to access the grievance arbitration provisions of the CBA, and that he was permitted to pursue his procedural due process claim this way. That argument relies on our language interpreting Nichols's Employment Agreement, which we said "indicates . . . that only the Mayor"—not Dwyer—"has the power to terminate or suspend the Deputy Commissioner." *Nichols*, 856 F. App'x at 597.

Had Nichols brought a contract-based claim, this language would signify that Warren's method of removing Nichols from the Deputy Commissioner position breached Nichols's Agreement. But Nichols brought a procedural due process claim. Our interpretation of the Employment Agreement was offered to establish the legal point—relevant to the due process claim—that Nichols had "a legitimate expectation of job security," which is necessary to "allege a constitutionally protected property interest." *Id.* (quoting *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 766 (6th Cir. 2010)).

When evaluating the scope of Nichols's protected property interest, we stated that "Nichols did not have a property interest in his position as Deputy Commissioner." *Id.* at 600. We noted, however, that Nichols had alleged "a constitutionally protectable property interest in his continuing employment as a Lieutenant in the bargaining unit of the Warren Police Department." *Id.* at 597;

*see also id.* at 599 ("Defendants were obligated to return Nichols to his prior post in the bargaining unit, making him eligible to initiate the grievance procedure."); *id.* at 600 ("[Nichols's] protectable interest was in his position in the bargaining unit.").

The result that followed from our decision was this: If Nichols could prove his procedural due process claim on remand, the proper remedy was to return him to the (protected) bargaining unit position, not the (unprotected) Deputy Commissioner position. The district court therefore did not err in recognizing that the choice by Nichols's counsel to pursue reinstatement to only the Deputy Commissioner position foreclosed Nichols's procedural due process claim. *See Kizer v. Shelby Cnty. Gov't*, 649 F.3d 462, 468 (6th Cir. 2011) ("[W]ithout a legitimate property interest, the Due Process Clause offers no procedural protections."). As a result, we affirm the district court's decision granting Defendants summary judgment.

## B.    Other Appealed Issues

We now turn to the numerous additional aspects of the district court's rulings that Nichols appeals. First, because summary judgment was proper, we affirm the district court's denial of Nichols's motion to reconsider that decision.

Second, Nichols appeals the district court's denial of his motions to compel the taking and retaking of several depositions. This court reviews orders concerning deposition testimony for abuse of discretion, and we will not reverse harmless errors. *Himes v. United States*, 645 F.3d 771, 782 (6th Cir. 2011). Here, Defendants were granted summary judgment not because of the evidence possessed by either side (which depositions could impact), but because Nichols sought reappointment to a position in which he had no constitutionally protected interest and, thus, could not undergird his procedural due process claim. As a result, regardless of whether the district court

erred by declining to compel the relevant depositions, any error was harmless, and we decline to reverse the district court's deposition rulings.

Third, Nichols appeals the district court's denial of his sanctions motion based on Defendants' alleged destruction of evidence. Decisions concerning the imposition of sanctions because of alleged evidence destruction are reviewed for abuse of discretion, and sanctions are warranted only where the moving party establishes "that a reasonable trier of fact could find that [the destroyed evidence] would support [a] claim or defense." *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 285 (6th Cir. 2020) (quoting *Beaven v. U.S. Dep't of Just.*, 622 F.3d 540, 553 (6th Cir. 2010)). The allegedly destroyed evidence could not have supported Nichols's procedural due process claim because, regardless of the available evidence, Nichols's claim was foreclosed by the sole remedy he requested. The district court accordingly did not abuse its discretion in declining to order sanctions.

Fourth, Nichols appeals the district judge's denial of a recusal motion filed under 28 U.S.C. §§ 144, 455(a), and 455(b)(1). These provisions require recusal where "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," 28 U.S.C. § 144; when the judge's "impartiality might reasonably be questioned," *id.* § 455(a); or where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1). We review a district court's denial of a recusal motion for abuse of discretion. *United States v. Liggins*, 76 F.4th 500, 505 (6th Cir. 2023).

Nichols's counsel primarily challenges the district judge's impartiality based on allegations that the judge referred to counsel by the incorrect surname during a hearing and had prior contact with one of the defendants in the case. But the transcript of the relevant hearing does not reflect that the district judge misnamed Nichols's counsel, nor that Nichols's counsel attempted to correct any purported errors. The district judge also stated that he has no knowledge of any contact between himself and any defendant in this case. Having reviewed Nichols's arguments in their entirety, we conclude that the district judge did not abuse his discretion by declining to recuse.

Fifth, Nichols appeals the district court's denial of his motion to amend his complaint to add a First Amendment retaliation claim. Nichols did not seek to add a retaliation claim until January 2022. That was after the deadline for filing amended complaints set by the original case management plan (July 16, 2019), and the deadline to inform the court of outstanding issues post-remand (September 24, 2021). Because Nichols sought "to amend [his] pleadings . . . after the expiration of scheduling order deadlines," he was required to "show good cause under [Federal] Rule [of Civil Procedure] 16(b)[,]" which is measured primarily by "'the moving party's diligence in attempting to meet' the scheduling order's requirements." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Courts "also consider 'possible prejudice to the party opposing the modification.'" *Id.* (quoting *Inge*, 281 F.3d at 625). We review denials of motions to amend for abuse of discretion. *Id.*

Nichols argues that his delay in attempting to add the retaliation claim was justifiable because he only learned the information necessary to state that claim through a deposition completed after remand. As the district court explained, however, Nichols knew of the requisite alleged facts to bring a retaliation claim as early as 2019. By that time, Nichols had already asserted facts supporting (and possessed documents establishing) that shortly after filing his

lawsuit, he was replaced by an acting Deputy Commissioner and a misconduct report had triggered an FBI investigation of his conduct. Because these facts could have formed the basis for his retaliation claim in 2019, Nichols "cannot show that [his retaliation] claim . . . was unavailable prior to [2022], and thus has not shown good cause for [his] delay." *Id.* In addition, the district court recognized that adding a new cause of action at this late stage would prejudice Defendants, a conclusion that Nichols challenged neither below nor on appeal. *See also DuBuc v. Green Oak Twp.*, 312 F.3d 736, 752 (6th Cir. 2002) ("The longer the delay, the less prejudice the opposing party will be required to show."). The district court did not abuse its discretion in denying the motion to amend.

Finally, Nichols's counsel appeals the sanctions award levied against him by the district court under 28 U.S.C. § 1927, which permits sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Sanctions decisions under § 1927 are reviewed for abuse of discretion. *United States v. Llanez-Garcia*, 735 F.3d 483, 491 (6th Cir. 2013).

The district court imposed sanctions because Nichols filed claims under the Fifth Amendment even though, under clearly established caselaw, that amendment applies only to federal defendants. *See Scott v. Clay Cnty.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) ("[T]he Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government."). Although Nichols's Fifth Amendment claims proved unjustifiable, courts often "refuse[] to award . . . sanctions when both parties contributed to the waste of judicial resources." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 834 (6th Cir. 2005); *see also Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999) (denying cross-motions for sanctions "because both parties

contributed to the 'disharmony in the proceedings'" (quoting *Oglala Sioux Tribe of Pine Ridge Indian Rsrv. v. United States*, 15 Cl. Ct. 615 (1988))).[2]

In our prior opinion, we explained that the email sent by Defendants' counsel rejecting Nichols's right to grieve his termination, coupled with Defendants' failure to return Nichols to the bargaining unit, had improperly "rendered the grievance procedures of the CBA unavailable to Nichols." *Nichols*, 856 F. App'x at 599. We also explained that, at oral argument, counsel offered an interpretation of Nichols's Employment Agreement "at odds with Defendants' position during the alleged events and [that] fail[ed] on its own terms." *Id.* On remand, rather than acknowledge error, counsel for Defendants continued to argue that she had not contributed in any way to Nichols's difficulty in accessing arbitration proceedings, insisting that she "was certainly under no obligation to explain Nichols' rights to him or see to his filing of a grievance." R. 125, Defs.' Summ. J. Mot., PageID 3430. These shifting and unsupportable positions, like Nichols's Fifth Amendment claim, unreasonably prolonged the proceedings and—in the case of defense counsel's argument on remand—misrepresented this court's reasoning to the district judge. Because this record makes plain that "both parties contributed to the waste of judicial resources," *Andretti*, 426 F.3d at 834, we reverse the district court's imposition of § 1927 sanctions against Nichols's counsel.

---

[2] Although *Andretti* and *Oglala Sioux* involved sanctions motions under Federal Rule of Civil Procedure 11, their reasoning is equally applicable to § 1927 motions given the statute's focus on unreasonable multiplication of the proceedings. *See, e.g.*, *Kessler v. Superior Care, Inc.*, 127 F.R.D. 513, 524 (N.D. Ill. 1989) (declining to order § 1927 sanctions where one party unnecessarily prolonged the litigation but the other party was "guilty of similar conduct").

### III.  CONCLUSION

For the reasons set forth above, we **REVERSE** the decision imposing sanctions against Nichols's counsel under 28 U.S.C. § 1927.  We otherwise **AFFIRM** all challenged aspects of the district court's judgments.