# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2024

Lyle W. Cayce
Clerk

No. 22-40383

Sophy Treadway,

*Plaintiff—Appellee*,

*versus*

Sopheak Otero; Matthew Otero; Exxizz Foods, Incorporated, *doing business as* Rockport Donuts,

*Defendants—Appellants*,

CONSOLIDATED WITH

22-40403

Sophy Treadway; Xenos Yuen,

*Plaintiffs—Appellants*,

*versus*

Sopheak Otero; Matthew Otero; Exxizz Foods, Incorporated, *doing business as* Rockport Donuts,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CV-244

_____

Before Jones, Haynes, and Douglas, *Circuit Judges.*

Per Curiam:[*]

This is an appeal from a jury verdict rendered against the Oteros and their doughnut company in Rockport, Texas, and sanctions issued against Plaintiff's counsel. This court has carefully considered the arguments in light of the parties' briefs, the trial court record, and the applicable standards of review. Finding no reversible error of law or fact, and no abuse of discretion as to the sanctions order, we must AFFIRM.

1. *Sufficiency of evidence*

The parties are well acquainted with the facts, which involved Cambodian immigrant Sophy Treadway's period of employment at the Oteros' donut shop allegedly in violation of the Trafficking Victims Protection Act. *See* 18 U.S.C. § 1595(a). They focus correctly on whether there was sufficient evidence to find that Treadway engaged in forced labor, in violation of 18 U.S.C. § 1589, the predicate for the other statutory offenses Treadway alleged. *See, e.g., Martinez-Rodriguez v. Giles,* 31 F.4th 1139, 1149 (9th Cir. 2022). Critical language in the statute holds liable anyone who

> knowingly provides or obtains the labor . . . of a person
> by . . . the following means---
> (1) by means of force [or] threats of force . . . ;
> (2) by means of…threats of serious harm to that person . . . ;

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(3) by means of the abuse or threatened abuse of law or legal process; or

(4) by means of any scheme…intended to cause the person to believe that, if that person did not perform such labor or services, that person . . . would suffer serious harm . . . .

§ 1589(a).

There is no dispute that the jury was correctly instructed on the elements of proof. Thus, whether Treadway was coerced is an objective test. *Muchira v. Al-Rawf,* 850 F.3d 605, 618 (4th Cir. 2017) (internal citation omitted). "Serious harm" under § 1589 includes psychological or financial harm sufficient "to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm." § 1589(c)(2). Deportation or the threat thereof is considered a "serious harm." *Adia v. Grandeur Mgmt., Inc.,* 933 F.3d 89, 93–94 (2nd Cir. 2019) (citing *United States v. Kalu*, 791 F.3d 1194, 1212 (10th Cir. 2015)). The statute also imposes liability only for "knowingly" violating its provisions. § 1589(a).

We are required to accept the verdict of a properly instructed jury unless, viewed in the light most favorable to the verdict, there is a complete absence of evidence to support it. *Huffman v. Union Pac. R.R. Co.,* 675 F.3d 412, 425 (5th Cir. 2012).[1] Here, there was sufficient evidence from which a reasonable jury could conclude that Treadway worked long hours for very low pay over a period of years, while being threatened with deportation. A reasonable jury could also conclude that the Oteros denied Treadway an ordinary relationship with her boyfriend (later husband) and required her to repay them the $20,000 in costs they incurred to bring her to the United States. The Oteros assert in defense evidence suggesting that "no good deed

---

[1] The district court correctly denied the Defendants' motions for directed verdict.

goes unpunished," and that aphorism may have some relevance here. But we are not in a position to elevate our view of hotly contested evidence over that of the jury.

For the same reasons, and based on essentially the same evidence, there was sufficient evidence for the jury to find that the Oteros' violative conduct proximately caused Treadway to perform labor under conditions where she would not otherwise have performed and to accrue damages as proven to the jury. *Martinez-Rodriguez,* 31 F.4th at 1155.

### 2. *Sanctions imposed on Plaintiff's counsel*

The court separately sanctioned Plaintiff's counsel for three incidents in connection with this litigation: (1) for vexatiously and repeatedly seeking unreasonably broad document production; (2) for filing notices of claimed liens on Defendants' properties without following proper rules; and (3) for filing unlawful lis pendens on Defendants' properties. The court justified sanctions on the multiple bases of Federal Rule of Civil Procedure 37 (pertinent to the document discovery); 28 U.S.C. § 1927; and its inherent power. We review the court's orders for abuse of discretion, which encompasses clear error on fact findings or decisions not in accord with the law. *Tollett v. City of Kemah,* 285 F.3d 357, 363 (5th Cir. 2002); *see also Morrison v. Walker*, 939 F.3d 633, 637 (5th Cir. 2019).

Counsel was warned in at least two pretrial conferences that his request for nine years' worth of financial records from Defendants was completely excessive. But he persisted in a motion to compel and refused to narrow the request. Ordering sanctions, the court also noted that he "resisted conferring with opposing counsel, had not returned telephone phone calls, and ha[d] been inflexible in scheduling times to confer with opposing counsel." Rule 37 requires a sanction pertaining to a motion to compel unless "the motion was substantially justified or other circumstances

make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B). Counsel's arguments against this award are meritless.

The other two sanctions were based on post-judgment efforts by Plaintiff's counsel to attach Defendants' properties in Texas and California. The court imposed these sanctions under Section 1927, which lies against any attorney who vexatiously and unreasonably multiplies proceedings. The court also invoked its inherent power, under which a court may impose sanctions based on a specific finding of bad faith. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S. Ct. 2123, 2133 (1991).

A few weeks after the jury returned a verdict for Treadway, her counsel filed lis pendens notices in Texas on several properties and one in California. Making a long story short, according to the court, counsel acted without understanding or researching California law, misapplied the lis pendens law because his client's judgment had nothing to do with "real property," and in so doing made false assertions. The court also characterized the filing of the lis pendens as "wrongful" and "baseless actions" that resulted in the Oteros' bearing "substantial" and "unnecessary" costs.

Separately, the court found that counsel "created and filed fraudulent abstracts of judgment" less than a week after being sanctioned for the lis pendens. The documents fraudulently represented they were issued by a court and falsely represented they were pursuant to a judgment connected to the real property. Not only that, but counsel attempted to secure abstracts through court processes *after* the court ordered the contrary, that "no . . . collection-related efforts shall be initiated by . . . plaintiff's counsel . . . ." Together, these actions support the court's findings of bad faith, meticulously explained in its opinions, as well as the dollar amounts imposed. Again, counsel's arguments are meritless.

22-40383
c/w No. 22-40403

Finally, counsel raises unspecific due process challenges to the imposition of sanctions. The court, however, thoroughly considered both sides' arguments in its opinions, had personally been involved in the discovery disputes, heard evidence on the Texas abstracts, and imposed amounts that counsel does not attack.

For these reasons, the judgment is AFFIRMED.